UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONCRETE PLACEMENT, INC., and CHEROKEE CONSTRUCTION, INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE & MARINE INSURANCE CO.,<br>Defendant | : | |

**DEFENDANT ST. PAUL FIRE & MARINE INSURANCE CO.'S ANSWER TO COMPLAINT**

Defendant St. Paul Fire & Marine Insurance Co. ("St. Paul") hereby answers the Complaint filed by the United States of America, for the use and benefit of Concrete Placement, Inc. ("Concrete Placement"), and Cherokee Construction, Inc.'s ("Cherokee") and, as follows:

1. This averment states a conclusion of law to which no response is required; otherwise denied.

2. This averment states a conclusion of law to which no response is required; otherwise denied.

3. Admitted as to the allegation that the actions complained of in the Complaint occurred in Rhode Island; otherwise, this averment states a conclusion of law to which no response is required; to the extent this allegation contains assertions of fact other than what is admitted herein, they are denied.

4. Admitted as to the allegations that the Child Development Center Project was a project awarded by the United States Navy, and that the project took place in the state of Rhode Island; otherwise, St. Paul is without knowledge or information sufficient to form a belief as to

the truth of this allegation.

5. Admitted as to the allegations that the Child Development Center Project and the Combo Fire Station and Gates Project were projects awarded by the United States Navy, and that the projects took place in the state of Rhode Island; otherwise, denied.

6. St. Paul and Travelers Casualty and Surety Company of America issued all bonds on the projects described in the Complaint, as co-sureties; otherwise, denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

**COUNT I**

11. These paragraphs are the subject of a Motion to Dismiss filed contemporaneously herewith, and therefore no response is required.

12. This paragraph is the subject of a Motion to Dismiss filed contemporaneously herewith, and therefore no response is required.

**COUNT II**

13. Defendant repeats and reavers its responses to each and every allegation contained above, as if set forth in full herein.

14. Denied.

**COUNT III**

15. These paragraphs are the subject of a Motion to Dismiss filed contemporaneously herewith, and therefore no response is required.

16. This paragraph is the subject of a Motion to Dismiss filed contemporaneously

herewith, and therefore no response is required.

FIRST AFFIRMATIVE DEFENSE

In Count I, Concrete Placement fails to state a claim upon which relief can be granted because it failed to comply with the statutory ninety (90) day notice provision of 40 U.S.C. § 3133(b)(2).

SECOND AFFIRMATIVE DEFENSE

In Count III, Cherokee fails to state a claim upon which relief can be granted because it failed to comply with the statutory ninety (90) day notice provision of 40 U.S.C. § 3133(b)(2).

THIRD AFFIRMATIVE DEFENSE

Cherokee's claim in Count II is barred, in whole or in part, by the defenses of offset and recoupment, as Cherokee breached its contract with Whiting-Turner, and otherwise performed defective work.

FOURTH AFFIRMATIVE DEFENSE

Cherokee's claim in Count III is barred, in whole or in part, by the defense of accord and satisfaction because upon information and belief, Cherokee has been paid for all labor and materials for which it makes claim.

FIFTH AFFIRMATIVE DEFENSE

Cherokee's claim in Count III is barred, in whole or in part, by the defenses of waiver and release, because, upon information and belief, Cherokee signed a written wavier and release as to its claims.

WHEREFORE, Defendant hereby requests that this Court dismiss Plaintiffs' Complaint with prejudice, and that Defendant be awarded its attorney's fees, interest and all costs incurred in defending this action or any further relief that this Court deems just and equitable.

## COUNTER-CLAIM

Counterclaim Plaintiff St. Paul Fire & Marine Insurance Co. ("St. Paul") states the following counterclaim pursuant to Fed. R. Civ. P. 18, against Counterclaim Defendant Cherokee Construction, Inc. ("Cherokee").

### Parties

1. Counterclaim Plaintiff St. Paul is a surety with a principal place of business in Baltimore, Maryland, qualified to do business in the State of Rhode Island.

2. Counterclaim Defendant Cherokee is a Rhode Island corporation with a principal place of business in Cranston, Rhode Island.

3. Plaintiff Concrete Placement, Inc. ("Concrete Placement") is a Rhode Island corporation with a principal place of business in Johnston, Rhode Island.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

5. Venue is proper in this Court pursuant to the venue provision specifically provided by the bond, in addition to 28 U.S.C. § 1391(b)(2) and (c).

### Facts

6. St. Paul, as surety, issued to Whiting-Turner, as principal, performance bonds and payment bonds for the United States Navy's "Consolidated Fire, Police, and Security Building, North Gate and Gate No. 2" project ("Combo Fire Project") and "Child Development Center" project ("CDC Project"), pursuant to 40 U.S.C § 3131(b).

7. Whiting-Turner acted as the Construction Manager on both the Combo Fire Project and the CDC Project.

8. On February 11, 2005, Whiting-Turner entered into a contract with Cherokee, in which Cherokee agreed to provide certain concrete topping and equipment pad services on the CDC Project (the "Trade Contract").

9. Upon information and belief, Concrete Placement was a subcontractor to Cherokee on the CDC Project.

**Count I – Equitable Indemnification**
**(Cherokee)**

10. St. Paul restates and reavers each and every allegation contained above, as if fully stated herein.

11. Concrete Placement alleges that it did not receive payment for labor and materials supplied on the CDC Project, in its role as subcontractor to Cherokee.

12. Due to the contractor-subcontractor relationship between Cherokee and Concrete Placement, Cherokee is directly responsible for making payment to Concrete Placement for all labor and materials supplied by Concrete Placement on the CDC Project.

13. If Concrete Placement is successful in its prosecution of Count I of the Complaint, because Cherokee failed to pay Concrete Placement for work performed on the CDC Project, then St. Paul will be liable to Concrete Placement.

14. If St. Paul is found liable to Concrete Placement, then St. Paul is entitled to full indemnification from Cherokee for any and all amounts due to Concrete Placement pursuant to the doctrine of equitable indemnification.

WHEREFORE, St. Paul seeks judgment against Cherokee to the full extent of any judgment entered against St. Paul in favor of Concrete Placement in this action, together with its costs, attorney's fees, and all other relief this Court deems just and proper under the circumstances.

**Count II – Breach of Contract**
**(Cherokee)**

15. St. Paul restates and reavers each and every allegation contained above, as if fully stated herein.

16. Cherokee failed to complete work, and properly perform work, in breach of the Trade Contract.

17. As surety to Whiting-Turner on the CDC Project, St. Paul is entitled to assert the same claims against Cherokee that are available to Whiting-Turner.

18. As surety to Whiting-Turner on the CDC Project, St. Paul has been damaged by Cherokee's breach in that St. Paul may face liability on its bonds, or may otherwise have to make payment from its bonds on the CDC Project, arising from that breach.

WHEREFORE, St. Paul seeks judgment against Cherokee, together with its costs, attorney's fees, and all other relief this Court deems just and proper under the circumstances.

ST. PAUL FIRE & MARINE INS. CO.
By its Attorney,

Christopher C. Whitney (#3261)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Ph: (401) 272-8080
Fax: (401) 521-3555

Dated: May 19, 2006

**CERTIFICATION**

I, Michael D. Williams, hereby certify that on the 19th day of May, 2006, I caused to be mailed, by First Class mail, postage prepaid, a copy of the within fully executed Answer to Charles S. Kirwan, 204 King Phillip Street, Providence, RI, 02909.

Michael D. Williams