UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONCRETE PLACEMENT, INC., and CHEROKEE CONSTRUCTION, INC. Plaintiff | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE & MARINE INSURANCE CO., Defendant | : | |

**DEFENDANT ST. PAUL FIRE & MARINE INSURANCE CO.'S MOTION, PURSUANT TO FED. R. CIV. P. 12(B)(6), TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and 40 U.S.C. § 3133(b)(2), Defendant St. Paul Fire & Marine Insurance Co. ("St. Paul") hereby moves this Court to dismiss Counts I and III of the Complaint, for the failure of Plaintiffs to satisfy the statutory condition precedent of 40 U.S.C. § 3133(b)(2) for the filing of a certain civil claims under 40 U.S.C. §§ 3131-3134 (the "Miller Act"), requiring a subcontractor that is not in direct contractual privity with the bonded contractor to serve written notice of its intention to assert a claim on that bonded contractor within ninety (90) days from the date on which the subcontractor last performed work on the given project.

St. Paul acted as surety to Whiting-Turner Contracting Company ("Whiting-Turner") for both projects cited in the Complaint. In the Complaint, Plaintiff Concrete Placement, Inc. ("Concrete Placement") fails to allege that it timely served written notice on Whiting-Turner, as required by 40 U.S.C. § 3133(b)(2), in support of Count I. In the Complaint, Plaintiff Cherokee Construction, Inc. ("Cherokee") fails to allege that it timely served written notice on Whiting-Turner, as required by 40 U.S.C. § 3133(b)(2), in support of Count III.

In support of its Motion, St. Paul submits an accompanying Memorandum of Law for this Court's consideration. St. Paul requests a hearing on its Motion.

WHEREFORE, St. Paul respectfully requests that this Court dismiss both Count I and Count III of the Complaint, with prejudice, for the respective failures of Concrete Placement and Cherokee to satisfy 40 U.S.C. § 3133(b)(2), a condition precedent to their right to file a civil action under the Miller Act against St. Paul.

ST. PAUL FIRE & MARINE INS. CO.
By its Attorney,

Christopher C. Whitney (#3261)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Ph: (401) 272-8080
Fax: (401) 521-3555

Dated: May 19, 2006

## CERTIFICATION

I, Michael D. Williams, hereby certify that on the 19th day of May, 2006, I caused to be mailed, by First Class mail, postage prepaid, a copy of the within fully executed Motion to Dismiss to Charles S. Kirwan, 204 King Phillip Street, Providence, RI, 02909.

Michael D. Williams

UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONCRETE PLACEMENT, INC., and CHEROKEE CONSTRUCTION, INC. Plaintiff | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE & MARINE INSURANCE CO., Defendant | : | |

**MEMORANDUM OF DEFENDANT ST. PAUL FIRE & MARINE INSURANCE CO.'S, IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant St. Paul Fire & Marine Insurance Co. ("St. Paul") respectfully submits this memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

**Introduction**

Pursuant to Fed. R. Civ. P. 12(b)(6), and 40 U.S.C. § 3133(b)(2)[1], Defendant St. Paul Fire & Marine Insurance Co. ("St. Paul") hereby respectfully requests this Court to dismiss Counts I and III of the Complaint, for the failure of Plaintiffs to satisfy the statutory condition precedent of 40 U.S.C. § 3133(b)(2) for the filing of a certain civil claims under 40 U.S.C. §§ 3131-3134 (the "Miller Act"). Section 3133(b)(2) requires that a subcontractor that is not in direct contractual privity with the bonded contractor serve written notice of its intention to assert a claim on that bonded contractor within ninety (90) days from the date on which the subcontractor last performed work on the given project.

[1] Please note that the statute presently known as 40 U.S.C. § 3133(b)(2) was formerly known as 40 U.S.C.A. § 270(b), prior to the September 30, 2005 amendment and renumbering of Title 40 of the United States Code. Other than references to other renumbered sections, the text of 40 U.S.C. remains unchanged from its earlier form.

St. Paul acted as surety to Whiting-Turner Contracting Company ("Whiting-Turner") for both projects cited in the Complaint. In the Complaint, Plaintiff Concrete Placement, Inc. ("Concrete Placement") fails to allege that it timely served written notice on Whiting-Turner, as required by 40 U.S.C. § 3133(b)(2), in support of Count I. In the Complaint, Plaintiff Cherokee Construction, Inc. ("Cherokee") fails to allege that it timely served written notice on Whiting-Turner, as required by 40 U.S.C. § 3133(b)(2), in support of Count III. Further, neither Plaintiff attached any exhibits to the Complaint demonstrating the service of written notice upon Whiting-Turner, in accordance with 40 U.S.C. § 3133(b)(2).

As a result, St. Paul respectfully requests that this Court dismiss Counts I and III of the Complaint.

**Facts**

St. Paul, as surety, issued to Whiting-Turner, as principal, a performance bond and a payment bond for the United States Navy's "Consolidated Fire, Police, and Security Building, North Gate and Gate No. 2" project located in Newport, Rhode Island ("Combo Fire Project"), pursuant to 40 U.S.C § 3131(b). Further, St. Paul, as surety, issued to Whiting-Turner, as principal, a performance bond and a payment bond for the United States Navy's "Child Development Center" project located in Newport, Rhode Island ("CDC Project"), pursuant to 40 U.S.C. § 3131(b). Whiting-Turner acted as the Construction Manager on both the Combo Fire Project and the CDC Project. 40 U.S.C. §§ 3131 – 3134 is commonly known as the "Miller Act," and generally requires the posting of payment and performance bonds by general contractors on federal construction projects. Both of the Projects described above, and implicated in the Complaint, fell under the scope of the Miller Act.

On the Combo Fire Project, Cherokee had no direct contractual relationship with Whiting-Turner, but did have a direct contractual relationship to one of Whiting-Turner's subcontractors. Whiting-Turner and Cherokee did not enter into any contracts, whether written or oral, express or implied, regarding the Combo Fire Project, and Cherokee did not provide any materials or labor directly to Whiting-Turner, regarding the Combo Fire Project, at any time.

On the CDC Project, Whiting-Turner and Cherokee entered into a trade contract, under which Cherokee furnished concrete topping and equipment pads materials and services to Whiting Turner. Upon information and belief, Concrete Placement was a subcontractor to Cherokee on the CDC Project, although at the time Whiting-Turner was unaware of Concrete Placement's involvement with the CDC Project[2]. Whiting-Turner and Concrete Placement did not enter into any contracts, whether written or oral, express or implied, regarding the CDC Project, and Concrete Placement did not provide any materials or labor directly to Whiting-Turner, regarding the CDC Project, at any time.

In the Complaint, Concrete Placement failed to allege the existence of a contract, whether express or implied, between itself and Whiting-Turner pertaining to the CDC Project, and also failed to allege that it satisfied the written notice condition precedent required under 40 U.S.C. §3133(b)(2), in conjunction with Count I. Further, in the Complaint, Cherokee failed to allege the existence of a contract, whether express or implied, between itself and Whiting-Turner pertaining to the Combo Fire Project, and further failed to allege that it satisfied the written notice condition precedent required under 40 U.S.C. §3133(b)(2), in conjunction with Count III.

[2] Concrete Placement was not a participant on the Combo Fire Project.

Accordingly, Concrete Placement's claim in Count I, and Cherokee's claim in Count III, must be dismissed under Fed. R. Civ. P. 12(B)(6) and 40 U.S.C. § 3133(b)(2) for failure to state a claim for which relief can be granted.

**Legal Standard**

On a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6), the court must construe the allegations and facts in the complaint in the light most favorable to the plaintiffs, and must grant the plaintiffs the benefit of the inferences that can be derived from the alleged facts. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-625 (D.C. Cir. 1997). Under this standard, a court may dismiss a claim pursuant to Rule 12(b)(6) if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

**Argument**

Neither Concrete Placement nor Cherokee alleged or demonstrated that they satisfied the unambiguous written notice requirement of 40 U.S.C. § 3133(b)(2) when asserting Counts I and III of the Complaint, respectively. As a result, both Plaintiffs failed to satisfy a condition

precedent for a civil action under the Miller Act. For these simple reasons, St. Paul's Motion to Dismiss must be granted as to Counts I and III of the Complaint.

40 U.S.C. § 3133(b)(2) provides, in part, as follows:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

In nearly every federal jurisdiction in this nation, it is well-settled law that compliance with the 90-day written notice requirement of 40 U.S.C. § 3133(b)(2) is a strict condition precedent to filing a civil action under 40 U.S.C. § 3133. See Fleisher Eng. & Constr. Co. v. Hallenbeck, 311 U.S. 15, 18 (1940) ("a requirement which is clearly made a condition precedent to the right to sue [under the Miller Act] must be given effect"); John D. Ahern Co., Inc. v. J.F. White Contracting Co., 649 F.2d 29, 31 (1st Cir. 1981) ("The requirement that notice must be given to the principal contractor within the ninety-day period is mandatory and is a strict condition precedent to the existence of any right of action upon the principal contractor's bond"); T.F. Scholes, Inc. v. H.W. Moore Equip. Co., 295 F.2d 366, 369 (10th Cir. 1961); Cooley v. Barten & Wood, 249 F.2d 912, 914 (1st Cir. 1957) ("It is essential for the purpose of the notice that it be given within a certain period. Therefore the giving of the notice within the ninety day period is a condition precedent of the plaintiff's right of action under the Miller Act."); Bowden v. Malloy, 239 F.2d 572, 577 (9th Cir. 1956) ("the statute makes the requirement of written notice from the suppler a condition precedent to a right of action on the bond; and no rule of liberality in construction can justify reading out of the statute the very condition which Congress laid down as prerequisite to the

cause of action"); Balf Co. v. Casle Corp., 895 F.Supp. 420 (D. Conn. 1995); American Sheet Metal Corp. v. Fidelity and Deposit Co. of Maryland, 807 F.Supp. 391, 392 (E.D. Va. 1992); Chicago Rigging Co. v. Uniroyal Chemical Co., Inc., 718 F.Supp. 696, 702 (N.D. Ill. 1989) ("courts have strictly construed the [Miller Act's] ninety-day notice period"); Betts v. Continental Casualty Co., 230 F.Supp. 557, 558 (W.D. Pa. 1964) ("The giving of such notice is mandatory and a strict condition precedent to the existence of any right of action upon to contractor's bond. Where no such notice has been given and served upon the contractor, recovery must be denied."); J.A. Edwards & Co. v. Thompson Constr. Corp., 172 F. Supp. 161, 164 (S.D. N.Y. 1959) ("Recovery cannot be had, either against the prime contractor or surety, unless the condition precedent to the existence of a right of action – a giving of the statutory notice – has been complied with"). The question of whether the written notice requirement created by 40 U.S.C. § 3133(b)(2) is a condition precedent to filing a civil action against the bonded contractor or the surety has been repeatedly answered in the affirmative. This condition precedent has been strictly upheld and vigorously applied, as demonstrated by the many opinions cited above.

Therefore, considering both the succinct holdings cited above and the complete absence on the part of Concrete Placement or Cherokee to allege that either of them complied with the written notice requirement of 40 U.S.C. § 3133(b)(2), Counts I and III of the Complaint must therefore be dismissed, for failure of Plaintiffs to comply with a strictly interpreted statutory condition precedent.

## Conclusion

For the foregoing reasons, St. Paul respectfully requests that this Court dismiss both Count I and Count III of the Complaint, with prejudice, for the respective failures of Concrete

Placement and Cherokee to satisfy the condition precedent created in 40 U.S.C. § 3133(b)(2) for filing a Civil action under 40 U.S.C. § 3133.

ST. PAUL FIRE & MARINE INS. CO.
By its Attorney,

Christopher C. Whitney (#3261)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Ph: (401) 272-8080
Fax: (401) 521-3555

Dated: May 19, 2006

**CERTIFICATION**

I, Michael D. Williams, hereby certify that on the 19th day of May, 2006, I caused to be mailed, by First Class mail, postage prepaid, a copy of the within fully executed Motion to Dismiss to Charles S. Kirwan, 204 King Phillip Street, Providence, RI, 02909.

Michael D. Williams

f:\mdw\st. paul\whiting - turner\cherokee action\memo in support of partial motion to dismiss.doc