UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
CONCRETE PLACEMENT, INC. and
CHEROKEE CONSTRUCTION, INC.
Plaintiffs

v. C.A. No. 05-480S

ST. PAUL FIRE & MARINE INS. CO.
Defendant

PLAINTIFFS' OBJECTION TO DEFENDANT'S
PRO FORMA RULE 12(b)(6) MOTION TO DISMISS

Plaintiffs, by and through their undersigned counsel, pursuant to Rules 1, 8, 9(c) and 12(b)(6) of the Federal Rules of Civil Procedure, and Civil Rule 7 of the Local Rules of this Honorable Court, hereby object to Defendant's pro forma motion to dismiss counts I and III of the complaint Defendant's pro forma motion to dismiss only makes one argument. Defendant's one argument errantly defies Rule 9(c) that expressly permits a general averment that all conditions precedent have been satisfied.

Indeed, Rule 9(c) of the Federal Rules of Civil Procedure forces summary denial of the motion to dismiss and warrants denial of Defendant's request for futile oral argument. Rule 9 is entitled **"Pleading Special Matters."** Rule 9(c) is entitled **"Conditions Precedent"**, and, in pertinent part, provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."

Paragraph 10 of the Complaint purposefully mimics the controlling Rule 9(c) notice pleading standard regarding "conditions precedent" and, avers generally, that: **"Plaintiffs satisfied all conditions precedent prior to timely commencing this action."** See Paragraph 10 of the Complaint. The Rule 9(c) notice pleading standard regarding "conditions precedent" and the

general averment in paragraph 10 of the Complaint, expressly alleging the satisfaction of "all conditions precedent", control the adjudication of this motion and squarely defeat Defendant's pro forma Rule 12(b)(6) motion to dismiss for Plaintiffs' putative failure to allege specific facts to establish compliance with a "condition precedent."

At bottom, the Defendant erroneously seeks a Rule 12(b)(6) dismissal, with prejudice, because the Defendant contends, in contravention of Rule 9(c), that the Plaintiffs must be barred from the courthouse because the Complaint does not include highly specific fact pleading to explicitly describe "the who, what, when, where, how and why" regarding the manner in which Plaintiffs satisfied what the motion to dismiss itself fatally describes as a "condition precedent." This a baseless and futile Rule 12(b)(6) motion to dismiss. As a matter of law, cursory review of the complaint confirms presentation of three well-pleaded statutory Miller Act bond claim counts that are immune to any Rule 12(b)(6) motions practice.

It is axiomatic that a Rule 12(b)(6) motion tests the sufficiency of the pleadings without weighing the sufficiency of disputed proofs, including proofs regarding the satisfaction of any conditions precedent. Viewed in the light most favorable to this frivolous motion, Defendant's pro forma motion to dismiss, at best, plainly confuses pleading requirements with proof requirements. On this record, it must be questioned how the motion came to include a request for a Rule 12(b)(6) dismissal, with prejudice, when the alleged failure is a failure to fact plead.

If not sooner withdraw for obvious lack of merit, the motion to dismiss must be denied either because it errantly ignores Rule 9(c), because it errantly overlooks paragraph 10 in the complaint, or because the motion impermissibly seeks to impose "fact pleading" requirements that violate Rule 9(c)'s controlling notice pleading requirement concerning "Conditions

Precedent." Defendant's pro forma Rule 12(b)(6) motion to dismiss must be denied as baseless, inter alia, because:

1. The motion ignores the controlling character of Rule 9(c) and the sufficiency of paragraph 10 of the complaint to establish for Rule 12(b)(6) pleading purposes the satisfaction of any applicable conditions precedent.

2. No Miller Act court decision (including the ten (10) Miller Act cases cited in the Defendant's memorandum) holds (or even suggests) that, for Rule 12(b)(6) pleading purposes, a second-tier subcontractor must "fact plead" in the complaint the dates or other circumstances concerning the notice provided to the general contractor to establish the satisfaction of any applicable Miller Act "condition precedent."

3. Defendant's memorandum cites no caselaw (or any other authority whatsoever) to support the proposition that, for Rule 12(b)(6) pleading purposes, satisfaction of any "condition precedent" requires "fact pleading" in excess of the Rule 9(c) general averment presented by the Plaintiffs in paragraph 10 of the Complaint.

It is respectfully submitted that for the foregoing reasons, the Defendant's pro forma motion to dismiss warrants summary denial. For the same reasons, it is respectfully submitted that Defendant's request for oral argument likewise warrants summary denial to preserve precious judicial resources and to limit expensive and unproductive litigation activities.

Should the Court be inclined to require more specific fact pleading concerning Plaintiffs' satisfaction of conditions precedent, then in the event of that contingency, Plaintiffs respectfully request an opportunity to amend the complaint.

In support of this objection, Plaintiffs file the requisite supporting memorandum.

Respectfully submitted,

PLAINTIFFS CONCRETE PLACEMENT, INC.
and CHEROKEE CONSTRUCTION, INC.

By their Attorneys,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (Bar #4050)
204 King Philip Street
Providence, RI 02909
(401) 272-6800
(401) 272-6875 (fax)

CERTIFICATION

I hereby certify that on this 30th day of June 2006, I caused a true and complete copy of the foregoing to be transmitted via telecopier and mailed first class postage prepaid to counsel of record in this action: Christopher C. Whitney, Esq., LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, PC, 72 Pine Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
CONCRETE PLACEMENT, INC. and
CHEROKEE CONSTRUCTION, INC.
Plaintiffs

v. C.A. No. 05-480S

ST. PAUL FIRE & MARINE INS. CO.
Defendant

MEMORANDUM IN SUPORT OF PLAINTIFFS' OBJECTION TO
DEFENDANT'S PRO FORMA RULE 12(b)(6) MOTION TO DISMISS

This memorandum is filed in support of Plaintiffs' objection to Defendant's pro forma Rule 12(b)(6) motion to dismiss counts I and III of the complaint. Summary denial of the pro forma motion to dismiss is compelled by Rules 1, 8, 9(c) and 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's pro forma motion to dismiss only makes one argument. Defendant's one argument errantly defies Rule 9(c) that expressly permits a general averment that all conditions precedent have been satisfied. Indeed, Rule 9(c) of the Federal Rules of Civil Procedure compels summary denial of the motion to dismiss and warrants denial of Defendant's request for futile oral argument.

Rule 9 is entitled **"Pleading Special Matters."** Rule 9(c) is entitled **"Conditions Precedent"**, and, in pertinent part, provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."

Paragraph 10 of the Complaint purposefully mimics the controlling Rule 9(c) notice pleading standard regarding "conditions precedent" and, avers generally, that: **"Plaintiffs**

**satisfied all conditions precedent prior to timely commencing this action."** See Paragraph 10 of the Complaint. The Rule 9(c) notice pleading standard regarding "conditions precedent" and the general averment in paragraph 10 of the Complaint, expressly alleging the satisfaction of "all conditions precedent", control the adjudication of this motion and squarely defeat Defendant's pro forma Rule 12(b)(6) motion to dismiss for Plaintiffs' putative failure to allege specific facts to establish compliance with a "condition precedent."

At bottom, the Defendant erroneously seeks a Rule 12(b)(6) dismissal, with prejudice, because the Defendant contends, in contravention of Rule 9(c), that the Plaintiffs must be barred from the courthouse because the Complaint does not include highly specific fact pleading to explicitly describe "the who, what, when, where, how and why" regarding the manner in which Plaintiffs satisfied what the motion to dismiss itself fatally describes as a "condition precedent." This a baseless and futile Rule 12(b)(6) motion to dismiss. As a matter of law, cursory review of the complaint confirms presentation of three well-pleaded statutory Miller Act bond claim counts that are immune to any Rule 12(b)(6) motions practice.[1]

---

[1] "Rule 9(c) governs not only contractual conditions precedent, but statutory conditions precedent as well…" Walton v. Nalco Chem. Co., 272 F.3d 13, 20-23, n.13 (1st Cir. 2001) (amended complaint filed by employment discrimination plaintiff did not have to allege the factual details regarding plaintiff's timely and complete exhaustion of administrative remedies that were a statutory condition precedent to commencing suit upon the termination of administrative proceedings; it sufficed that complaint contained the Rule (9)(c) general averment that plaintiff had satisfied all statutory conditions precedent). ("[T]he appropriate inquiry in the present case is whether either the original or amended complaint included an adequate `general averment' that Walton had met all conditions precedent to the recovery of damages under the [act], even though neither complaint explicitly alleged that Walton had filed an [administrative] charge.") ("Under the liberal `notice pleading' standards, see Fed. R. Civ. P. 8(e)(1) & (f), these original and amended complaints met the `general averment' requirements prescribed by Rule 9(c). Although the complaints neither explicitly alleged compliance with all preconditions to recovery under the [act], nor with the requirement that an [administrative] charge be filed, such compliance was plainly implicit.").

The complaint presents three well-pleaded statutory Miller Act bond claim counts. Count II presents the Miller Act bond claim of Plaintiff Cherokee Construction, qua first-tier subcontractor. Counts I and III are the respective Miller Act bond claims of Plaintiff Concrete Placement and Plaintiff Cherokee Construction, qua second-tier subcontractors. The Defendant's pro forma motion to dismiss regarding Counts I and III pertains to "conditions precedent" that apply to Miller Act claims brought by second-tier subcontractors, but not by first-tier subcontractors, pursuant to 40 U.S.C. § 3133(b)(2).

It is axiomatic that a Rule 12(b)(6) motion tests the sufficiency of the pleadings without weighing the sufficiency of disputed proofs, including proofs regarding the satisfaction of any conditions precedent. Viewed in the light most favorable to this frivolous motion, Defendant's pro forma motion to dismiss at best "confuses" pleading requirements with proof requirements.

As explained by this Honorable Court in Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 220 (D.R.I. 2005), the standard controlling adjudication of a Rule 12(b)(6) motion to dismiss is highly deferential to a well-drafted complaint:

> Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether the Complaint states any claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). In so doing, the Court accepts all well-pleaded factual assertions as true and draws all reasonable inferences from those assertions in the Plaintiff's favor. See Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997). A plaintiff is "required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

Here, the complaint explicitly alleges the facts and circumstances that establish the Plaintiffs' rights under the Miller Act, as unpaid subcontractors on specifically identified federal construction projects, to secure payment from the Defendant bonding company with respect to the Miller Act payment bonds admittedly issued by the Defendant. See Complaints Paragraph 4

and 5. First, Paragraph 1 of the Complaint alleges that "Plaintiffs Concrete Placement, Inc. and Cherokee Construction, Inc. invoke this Honorable Court's federal question jurisdiction to secure payments guaranteed by the Miller Act." Paragraphs 4 and 5 of the complaint identify each plaintiff with statutory reference as a "person" entitled to make claim under the Miller Act, and specifically identify the individual federal construction projects on which they remain unpaid for labor and materials that they supplied. In addition, each count exactingly specifies, down to the penny, the specific dollar amount owed by the Defendant on the Miller Act payment bond for unpaid labor and materials supplied by the Plaintiffs on the specifically identified individual federal construction projects. Paragraph 6 which is largely admitted by the Defendant in its answer, identifies the Defendant as the issuer of the Miller Act payment bonds regarding the federal construction projects on which the Plaintiffs furnished labor and materials for which they remain unpaid. The only matter not specifically made the subject of comparably explicit factual allegations is paragraph 10 of the complaint concerning the satisfaction of conditions precedent because Rule 9(c) expressly provides that such matters are pleaded sufficiently, by averring generally, that: "Plaintiffs satisfied all conditions precedent prior to timely commencing this action." See Complaint Paragraph 10.

From the face of the complaint, unless paragraph 10 of the complaint and Rule 9(c) are jettisoned along with the liberal "notice pleading" standards defined by Rules 8(e)(1) and (f), it is clear that each Plaintiff in each Miller Act bond claim count states a clear and specific, well-pleaded Miller Act bond "claim upon which relief could be granted" within the operation and meaning of Rule 12(b)(6). Heightened fact pleading is not warranted, nor authorized, by the

Rules of Civil Procedure or by any Miller Act text or any case law applying or interpreting the Miller Act.[2]

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), the Supreme Court reminded courts and litigators that Rule 9(b) provides a rather short, and presumptively exclusive, list of the types of claims in which heightened fact pleading may be required by a court:

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In Leatherman we stated: "The Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. Expressio unius est exclusio alterius." 507 U.S. at 168. Just as Rule 9(b) makes no mention of municipal liability under Rev. Stat. § 1979, 42 U.S.C. § 1983 (1994 ed., Supp. V), neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).

In no way can the text of Rule 9(b), requiring heightened pleading specificity, be deemed to cover or apply to any aspect of pleading a Miller Act bond claim. Indeed, apart from "the simplified pleading standard [that] applies to all civil actions", only the provision in Rule 9(c), that expressly provides that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred", may be deemed to inform the Court's determination as to

---

[2] For example, in the context of employment discrimination, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), the Supreme Court reiterated that notice pleading governs all civil actions and that no heightened standard applies to such suits. Therein the Supreme Court stated that "an employment discrimination complaint need not include [specific] facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"Id. Accord, Walton v. Nalco Chem. Co., 272 F.3d 13, 20-23, n.13 (1st Cir. 2001) ("Under the liberal `notice pleading' standards, see Fed. R. Civ. P. 8(e)(1) & (f), these original and amended complaints met the `general averment' requirements prescribed by Rule 9(c). Although the complaints neither explicitly alleged compliance with all preconditions to recovery under the [act], nor with the requirement that an [administrative] charge be filed, such compliance was plainly implicit.").

whether or not the challenged Miller Act counts pass the highly deferential standard supplied by Rule 12(b)(6).

CONCLUSION

Defendant's pro forma Rule 12(b)(6) motion to dismiss must be denied as baseless, inter alia, because:

1. The motion ignores the controlling character of Rule 9(c) and the sufficiency of paragraph 10 of the complaint to establish for Rule 12(b)(6) pleading purposes the satisfaction of any applicable conditions precedent.
2. No Miller Act court decision (including the ten (10) Miller Act cases cited in the Defendant's memorandum) holds (or even suggests) that, for Rule 12(b)(6) pleading purposes, a second-tier subcontractor must "fact plead" in the complaint the dates or other circumstances concerning the notice provided to the general contractor to establish the satisfaction of any applicable Miller Act "condition precedent."
3. Defendant's memorandum cites no caselaw (or any other authority whatsoever) to support the proposition that, for Rule 12(b)(6) pleading purposes, satisfaction of any "condition precedent" requires "fact pleading" in excess of the Rule 9(c) general averment presented by the Plaintiffs in paragraph 10 of the Complaint.

It is respectfully submitted that for the foregoing reasons, the Defendant's pro forma motion to dismiss warrants summary denial. For the same reasons, it is respectfully submitted

that Defendant's request for oral argument likewise warrants summary denial to preserve precious judicial resources and to limit expensive and unproductive litigation activities.

Respectfully submitted,

PLAINTIFFS CONCRETE PLACEMENT, INC.
and CHEROKEE CONSTRUCTION, INC.

By their Attorneys,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (Bar #4050)
204 King Philip Street
Providence, RI 02909
(401) 272-6800
(401) 272-6875 (fax)

CERTIFICATION

I hereby certify that on this 30th day of June 2006, I caused a true and complete copy of the foregoing to be transmitted via telecopier and mailed first class postage prepaid to counsel of record in this action: Christopher C. Whitney, Esq., LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, PC, 72 Pine Street, Providence, RI 02903.