UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
CONCRETE PLACEMENT, INC. and
CHEROKEE CONSTRUCTION, INC.
Plaintiffs

v. C.A. No. 05-480S

ST. PAUL FIRE & MARINE INS. CO.
Defendant

COUNTERCLAIM ANSWER OF PLAINTIFF CHEROKEE CONSTRUCTION, INC.

Plaintiff Cherokee Construction, Inc ("Cherokee") hereby responds to defendant's counterclaim and avers.

Parties

1. Admitted.

2. Admitted.

3. Admitted.

Jurisdiction and Venue

4. It is admitted that this Honorable Court has jurisdiction over the action brought by the Plaintiffs. Cherokee further admit that Defendant seeks to invoke the jurisdiction of this Honorable Court. To the extent not specifically admitted herein, the averments of Paragraph 4 are denied and Defendant is held to its burden of proof.

5. It is admitted that venue in this Honorable Court is proper with respect to the action brought by the Plaintiffs. To the extent not specifically admitted herein, the averments of Paragraph 5 are denied and Defendant is held to its burden of proof.

Facts

6. Admitted.

7. Admitted.

8. Admitted only that Whiting-Turner bound itself contractually to Cherokee. To the extent not specifically admitted herein, the averments of Paragraph 8 are denied and Defendant is held to its burden of proof.

9. Admitted.

COUNT I – Equitable Indemnification

(Cherokee)

10. Cherokee repeats and reasserts the answers in Paragraphs 1 through 9 as if repeated in full herein.

11. Admitted that because no payment has been made to Cherokee, Cherokee has made no payment to Concrete Placement.

12. Denied to the extent that because no payment has been made to Cherokee, Cherokee has made no payment to Concrete Placement.

13. Admitted that because no payment has been made to Cherokee, Cherokee has made no payment to Concrete Placement and the Defendant remains liable on the bond to pay both Cherokee and Concrete Placement.

14. Denied.

WHEREFORE, Cherokee prays that this Honorable Court dismiss Count I of the Counterclaim with prejudice. Defendant has no claim for equitable indemnification or other relief from Cherokee and hence has no claim for attorney's fees or other monetary relief.

Count II – Breach of Contract
(Cherokee)

15. Cherokee repeats and reasserts the answers in Paragraphs 1 through 9 as if repeated in full herein.

16. Denied.

17. Whiting-Turner has no claims against Cherokee. This averment states a conclusion of law to which no response is required, otherwise denied.

18. Denied that there was any breach by Cherokee. This averment states a conclusion of law to which no response is required, otherwise denied.

WHEREFORE, Cherokee prays that this Honorable Court dismiss Count II of the Counterclaim with prejudice. Cherokee breached no duty to any party interested with respect to the matters alleged in this action. Defendant and Whiting-Turner have no claim for breach of contract or other relief from Cherokee and hence have no claim for attorney's fees or other monetary relief.

AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. The Counterclaim fails to state a claim upon which relief may be granted against Cherokee.

3. This Court lacks subject matter jurisdiction over the counterclaim.

4. Defendant cannot prove that Whiting-Turner fulfilled its contractual and other obligations to Cherokee and has no viable counterclaim against Cherokee premised on Cherokee's dealings with Whiting-Turner or Concrete Placement.

5. Cherokee dutifully performed and satisfied all contractual and other obligations and duties owed to Whiting-Turner to the extent that DBR ever owed any such obligation or duty to Whiting-Turner.

6. As its next defense, Cherokee avers that Defendant has suffered no damages.

7. As its next defense, Cherokee avers that Defendant is estopped by its own acts and omissions from making any claim against Cherokee.

8. As its next defense, Cherokee avers that Defendant, by its failure or refusal to perform its duty to investigate the bond claims raised in the action, has engaged in bad faith, deceptive practices and thereby waived all putative claims asserted in its complaint.

9. As its next defense, Cherokee avers that Defendant is barred by its own breach of the duties of good faith and fair dealing from making any claim against Cherokee.

10. As its next defense, Cherokee avers that Defendant failed to act reasonably to mitigate any damages claimed by Defendant in this action.

11. Cherokee reserve the right to raise such other affirmative defenses as warranted.

WHEREFORE having answered in full, Cherokee prays that this Honorable Court dismiss Defendant's Counterclaim with prejudice, enter judgment in favor of Cherokee and award Cherokee its costs and reasonable attorney's fees.

Respectfully submitted,

PLAINTIFF CHEROKEE CONSTRUCTION, INC.

By its Attorneys,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (Bar #4050)
204 King Philip Street
Providence, RI 02909
(401) 359-1166
(401) 272-6875 (fax)

CERTIFICATION

I hereby certify that on this 30th day of June 2006, I caused a true and complete copy of the foregoing to be transmitted via telecopier and mailed first class postage prepaid to counsel of record in this action: Christopher C. Whitney, Esq., LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, PC, 72 Pine Street, Providence, RI 02903.