UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONCRETE PLACEMENT, INC., et al. | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE AND MARINE INSURANCE CO. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On November 18, 2005, Plaintiffs initiated this action by filing a Complaint "to secure payments guaranteed by the Miller Act, 40 U.S.C. § 270a, et seq." Compl., ¶ 1. Presently before the Court is a Motion to Dismiss Counts I and III of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 6). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the memoranda submitted by the parties and performing independent research, I recommend that Defendant's Motion to Dismiss (Document No. 6) be DENIED.

**Standard of Review**

Defendant has moved to dismiss Counts I and III of the Complaint for failure to state a cognizable claim. In ruling upon a motion to dismiss under Fed. R. Civ. P 12(b)(6), the facts alleged in the Complaint must be taken as true, and all reasonable inferences must be drawn in the plaintiff's favor. See Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Aybar v.

Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997); Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A court should not grant a motion to dismiss pursuant to Rule 12(b)(6) unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir.1996).

**Discussion**

Defendant St. Paul Fire & Marine Insurance Co. ("Defendant") acted as surety to Whiting-Turner Contracting Company ("W-T") on two federal construction projects for the United States Navy in Newport. As general contractor for the projects, W-T was required to post payment and performance bonds pursuant to the Miller Act. Plaintiffs Concrete Placement, Inc. and Cherokee Construction, Inc. performed work on these projects as subcontractors. In Count I, Plaintiff Concrete Placement alleges an unpaid amount of $4,400.00 for labor and materials furnished on one of the two projects. In Count III, Plaintiff Cherokee alleges in an unpaid amount of $33,284.20 for labor and materials furnished on the other project. Apparently, neither Concrete Placement nor Cherokee had any direct contractual relationship with W-T for the labor and materials in dispute under Counts I and III, as they were acting as second-tier subcontractors or "sub-subcontractors."

Under the Miller Act, 40 U.S.C. § 3133(b)(2), a second-tier subcontractor that has no direct contractual relationship with the general contractor must provide written notice of non-payment to the general contractor within ninety days of the last work performed or materials furnished as a condition precedent to filing suit. It is well-settled law that compliance with this notice requirement is a "strict condition precedent" to suit under the Miller Act on a general contractor's bond. See John D. Ahern Co., Inc. v. J.F. White Contracting Co., 649 F.2d 29, 31 (1st Cir. 1981). Defendant argues

that dismissal of Counts I and III is warranted because Plaintiffs have not alleged or demonstrated that they satisfied the unambiguous written notice requirement of Section 3133(b)(2).

Defendant's argument is flawed in two respects. First, Plaintiffs do generally allege that they have "satisfied all conditions precedent prior to timely commencing this action." Compl., ¶ 10. Such pleading comports with Fed. R. Civ. P. 9(c) which permits a party "to aver generally that all conditions precedent have been performed." Second, under Fed. R. Civ. P. 12(b)(6), Plaintiffs are not, at this stage, required to "demonstrate" that they have met any applicable pre-suit notice requirements. This Court assumes that Plaintiffs had a good faith legal and factual basis, Fed. R. Civ. P. 11, for pleading satisfaction of "all conditions precedent" to filing this suit, and, after discovery, Defendant is free to test the sufficiency of their claim under Fed. R. Civ. P. 56.

While Defendant cites numerous Miller Act cases, none are cited for the proposition that a second-tier subcontractor is required to plead compliance with the notice requirement with any particularity or specificity. Further, this Court's independent legal research did not uncover any such requirement. In Peterson v. Brownlee, 314 F. Supp. 2d 1150 (D. Kan. 2004), the plaintiff, a federal employee, was required by federal regulation to assert a complaint of discrimination within forty-five days of the conduct giving rise to the complaint before filing suit under Title VII. Id. at 1153. The defendant argued that the plaintiff's Title VII discrimination claim was subject to dismissal because the plaintiff did not bring an administrative complaint within the requisite forty-five day time period. Similar to this case, the plaintiff alleged generally in her complaint that "all conditions precedent to filing this action have been met." Id. Applying Fed.R.Civ.P. 9(c), the court held that the plaintiff's general allegation of performance under Rule 9(c) was satisfactory and therefore sufficient to withstand a motion to dismiss. Id. See also Stearns v. Consolidated Mgmt., Inc., 747 F.2d 1105,

1111 (7th Cir. 1984) (explaining that the district court erred in requiring anything more than a general allegation that all conditions precedent had been fulfilled). Plaintiffs' general averment of meeting conditions precedent to suit satisfies the notice pleading requirements of Fed. R. Civ. P. 8(a) and 9(c). Thus, this Court recommends that Defendant's Motion to Dismiss be DENIED.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 6) Counts I and III of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 10, 2006