UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
CONCRETE PLACEMENT, INC. and
CHEROKEE CONSTRUCTION, INC.

v. C.A. No. 05-480S

ST. PAUL FIRE & MARINE INS. CO.

**MOTION OF PLAINTIFF CHEROKEE CONSTRUCTION TO EXTEND THE DISCOVERY DEADLINE BY 45 DAYS**

NOW COMES Plaintiff Cherokee Construction Co., Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, and respectfully requests that the Court extend the discovery period regarding Count II of the complaint for a period of an additional forty-five (45) days from May 7, 2007 to June 21, 2007. By Order entered on February 8, 2007, the Court, inter alia, ordered the closure of discovery within ninety (90) days (May 7, 2007) as to Count II.

As grounds therefore, Plaintiff's undersigned counsel identifies the following. First, subsequent to issuance of the Court's Order, plaintiff's undersigned counsel, who has operated as a solo practitioner since October 2004, has had little available time due to the convergence of a number of unusual events. Plaintiff's undersigned counsel was solely responsible for the presentation of a $5.8 million dollar public works construction arbitration that required extensive preparations for arbitration hearings conducted on February 12, 13 and 15, March 26, 27, 28 and 29, April 11, 12, 13, 25 and May 2. This on-going arbitration remains extremely demanding. Final hearings will be conducted on May 17 and 18, with briefing obligations thereupon commencing. (The described arbitration does not involve the Plaintiff in any way.).

Second, from March 6 through March 17, 2007, plaintiff's undersigned counsel took his first family vacation since the birth of his son in July 2005.

Third, the requested forty-five (45) days extension of the discovery period appear unlikely to delay the final resolution of this matter, even if the defense might (somehow) succeed in its motion for summary judgment as to Count III, the only other count remaining for decision in this action.

Fourth, the Defendant has unreasonably rejected the fair and reasonable opportunities for settlement that existed at the time Plaintiff's undersigned counsel agreed in good faith that ninety (90) days was a reasonable period for discovery regarding Count II.

Fifth, while no firm agreement had been reached between counsel, initially it seemed that the parties would voluntarily agree to conduct the Rule 30(b)(6) deposition of the Defendant shortly after the initial May 7 discovery cut-off date. At the last minute, this potential accommodation became unworkable as a result of the Defendant's contention that the contemplated Rule 30(b)(6) deposition occur, if at all, only in New Jersey.

In this regard, it should be noted that the Defendant bonding company maintains its principal place of business in Hartford, Connecticut, and its bonded principal, the real defendant party-in-interest in this action, The Whiting-Turner Contracting Company, maintains its principal place of business in Baltimore. On its web site www.whiting-turner.com, Whiting Turner Contracting boasts that it has "$3 billion dollars in bonding capacity" and "is financially independent and without debt."

By contrast, Cherokee Construction is a small business that employees approximately ten (10) employees during its busy season. Furthermore, the amount in issue in Count II represents one hundred per cent (100%) of Cherokee's $48,862.00 contract price that White-Turner in bad faith continues to refuse to pay, in any part, despite Cherokee's hundred per cent (100%) complete performance of its contract scope of work.

Finally, it should be noted that since July 7, 1988, Whiting-Turner Contracting has systematically conducted business in Rhode Island having first registered to do business as a foreign corporation in Rhode Island on that date.[1] The complaint addresses two multimillion dollar projects that Whiting-Turner Contracting performed in Rhode Island as part of its systematic, long-term presence in Rhode Island.

It is respectfully submitted that the interests of justice warrant the requested forty-five (45) day extension of the discovery period so that, in accordance with basic concepts of fair play, and the spirit of the Federal Rules of Civil Procedure Rules, Plaintiff's undersigned counsel can complete discovery regarding Count II in a manner that will allow "the just, speedy, and inexpensive determination of [this] action," as expressly contemplated by Rule 1, without the unnecessary expense and unreasonable burden being placed upon a Rhode Island small business by a nation-wide megabusiness. Cf., Foley v. Loeb, C.A. No. 06-53S, 2007 U.S. Dist. Lexis 3498 (D.R.I. January 16, 2007) (Almond, M.J.) ("While there is `an initial presumption that a defendant should be deposed in the district of his residence or principal place of business,' Armsey v. Medshares Mgmt. Svcs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998), `[a] number of factors . . . may overcome the presumption and persuade a court to permit the deposition of a corporate agent or officer to be taken elsewhere.' Id.").

[1] See http://www2.corps.state.ri.us/corporations/corp_search/index.php .

For the foregoing reasons, its is respectfully requested that the Court extend for a period of an additional 45 days, from May 7, 2007 to June 21, 2007, the discovery cut-off date regarding Count II.

Respectfully submitted,

Plaintiffs Concrete Placement, Inc.
and Cherokee Construction, Inc.

**/s/ Charles S. Kirwan**

Charles S. Kirwan (#4050)
kirwanlaw@gis.net
CHARLES S. KIRWAN & ASSOCIATES
204 King Philip Street
Providence, RI 02909
(401) 359-1156
(401) 722-9310 (fax)

CERTIFICATION

I hereby certify that on this 7th day of May 2007, I caused a true and complete copy of the foregoing to be mailed first class, postage prepaid to counsel of record in this action: Christopher C. Whitney, Esq., Scott K. Pomeroy, Esq. and Michael D. Williams, LITTLE, MEDEIROS, KINDER, BULMAN & WHITNEY, PC, 72 Pine Street, Providence, RI 02903.

**/s/ Charles S. Kirwan**