UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONCRETE PLACEMENT, INC., and CHEROKEE CONSTRUCTION, INC.<br>Plaintiff | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE & MARINE INSURANCE CO.,<br>Defendant | : | |

**DEFENDANT'S RULE 34 REQUEST FOR THE PRODUCTION OF DOCUMENTS TO USE AND BENEFIT PLAINTIFF CHEROKEE CONSTRUCTION, INC.**

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant St. Paul Fire & Marine Insurance, Co., hereby requests use and benefit Plaintiff Cherokee Construction, Inc. ("Cherokee") to produce for inspection and copying the documents requested below to Michael D. Williams, Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, Providence, RI 02903, within forty (40) days of service in accordance with the instructions and definitions contained herein.

**INSTRUCTIONS**

1. In responding to these document requests, produce all responsive documents that are within the scope of Federal Rule of Civil Procedure 26(b) and which are in the possession, custody, or control of City, including documents in the possession of Cherokee's attorneys, their investigators, and all other persons acting on Cherokee's behalf. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

2. These requests for production shall be deemed to be continuing so as to require supplemental responses. If Cherokee subsequently obtains information which renders its responses incomplete or incorrect, Cherokee shall produce any and all additional responsive documents within a reasonable time after obtaining such information.

3. When an objection is made to any document request or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies.

4. If you contend that any of the documents described and requested herein fall within the scope of any privilege or constitute work product materials, or otherwise are not within the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of the document, including the date of the document, identification of each person to whom it is addressed, identification of each person who received a copy thereof, identification of each person who prepared such document, and the ground or grounds upon which it is being withheld from production.

## DEFINITIONS

The full text of the following definitions are deemed incorporated by reference and to all discovery requests:

1. Communication. The term "communication" means any transmission of receipt of information, whether oral, written, or electronic.

2. Document. The term "document" or "documents" mean, without limitation, the following items, printed or recorded or reproduced by any other mechanical process, or written or produced by hand: daily reports, logs, photographs, tapes, agreements, drafts of agreements, communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversation, telegrams, internal or other memoranda, summaries or records of telephone conversations, diaries, graphs, films, reports, notebooks, notes, plans, drawings, charts sketches, spreadsheets, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, transcriptions, phone messages, opinions or reports, letters, computer output or input, invoices, electronic mail, and electronic or computerized data. A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify or Identity (With Respect to Persons). When referring to a person, "to identify" or to provide the "identity" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with the subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

a) type of document;
b) general subject matter;
c) date of the document; and
d) author(s), addressee(s), and recipient(s).

5. Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party such as "you" or "your" means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7. Concerning. The term "concerning" means relating to, referring to, discussing, describing, evidencing, or constituting.

8. Comprising. The term "comprising" means consisting of, being composed of, including, or containing.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

10. The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

11. The use of the singular form of any word includes the plural and vice versa.

12. "Combo Fire Project" means the United States Navy's "Consolidated Fire, Police, and Security Building, North Gate and Gate No. 2" project located in Newport, Rhode Island.

13. "You," "your," or "Cherokee" refers to use and benefit Plaintiff Cherokee Construction, Inc.

14. "Complaint" means the Complaint filed by you and Cherokee on November 18, 2005, to initiate this action.

15. "Rule 26 Disclosures" refers to the written disclosures served by Plaintiffs on Defendant pursuant to Federal Rule of Civil Procedure 26(a)(1), and the accompanying documents.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**

All documents demonstrating or concerning the allegations made in paragraph 9 of the Complaint as it relates to Cherokee's claim arising from the Combo Fire Project, that "Plaintiffs satisfied all conditions precedent prior to timely commencing this action."

**REQUEST NO. 2**

Produce all documents demonstrating or concerning the allegations made in paragraph 16 of the Complaint, that "Plaintiff Cherokee stands entitled to payment from the Defendant Bonding Company in the unpaid amount of $33,284.20 for the labor and materials it furnished in the prosecution of the work required with respect to the Combo Fire Station and Gates Project," that were not produced with your Rule 26 Disclosures; further, please identify those documents responsive to this Request that were produced with your Rule 26 Disclosures, by bates number.

**REQUEST NO. 3**

Produce all documents demonstrating or comprising Cherokee's compliance with the 90-day written notice requirement provided for in 40 U.S.C. § 3133(b)(2) in accordance with its claims arising from the Combo Fire Project, that were not produced with your Rule 26 Disclosures; further, please identify those documents responsive to this Request that were produced with your Rule 26 Disclosures, by bates number.

Respectfully submitted,
St. Paul Fire & Marine
Insurance Co.,
By its Attorneys,

Christopher C. Whitney (#3261)
cwhitney@lmkbw.com
Scott K. Pomeroy (#6044)
spomeroy@lmkbw.com
Little Medeiros Kinder Bulman &
Whitney, P.C.
72 Pine Street
Providence, RI 02903
T: (401) 272-8080
F: (401) 521-3555

**CERTIFICATION**

I, Michael D. Williams, hereby certify that on the 18th day of December, 2006, I caused a copy of this to be faxed and mailed to the attention of Charles S. Kirwan, Esq.

f:\mdw\st. paul\whiting - turner\cherokee action\limited rfds to cherokee - second draft.doc