UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CHEROKEE CONSTRUCTION, INC. Plaintiff | : | |
| v. | : | C.A. No. 05-480S |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant | : | |

**PROTECTIVE ORDER**

The following procedures designed to assure the protection of confidential information not already in public domain due to a designating party's voluntary publication shall govern any discovery, including discovery from nonparties, in this action.

1. All job cost reports, and any document attached to said job cost reports, produced in this action by or on behalf of Defendant St. Paul Fire & Marine Insurance Company shall be deemed “Confidential,” containing “Confidential Information.”

2. Notwithstanding any future Motion or Stipulation, no other documents produced or interrogatory answers given in this action shall be deemed “Confidential.”

3. Confidential Information may be shown, or its contents disclosed, to the following persons only:

(a) the parties to this case;
(b) counsel of record, general counsel and office personnel employed and assisting them in this case;
(c) witnesses testifying in this action either in discovery or at trial;
(d) any expert, investigator or consultant retained by counsel in connection with this case;
(e) the Court before which this case is pending; and
(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Any pleading, brief, or other document, which refers to or incorporates any Confidential Information, shall be filed with the Court in this case under seal, unless otherwise agreed to by the parties in writing.

5. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

6. Counsel agrees to make all reasonable efforts to ensure compliance with this Protective Order.

7. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any party shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

8. Any party, upon duly noticed motion, may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential."

9. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

10. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product that refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

11. Filing with the Court any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal, unless otherwise agreed to by the parties in writing. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

ORDERED ENTERED

______________________________ ______________________________

Date: _____________

f:\mdw\st. paul\whiting - turner\cherokee action\protective order (3).doc