# EXHIBIT C

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

CAPITAL CITY CONCRETE, INC. and LORI J. DEROBBIO

Plaintiffs,

vs.

P.C. No. 05- 1911

CHEROKEE CONSTRUCTION, INC. LOUIS FRESOLONE, CHARLES S. KIRWAN, and CHARLES S. KIRWAN & ASSOCIATES

Defendants.

# VERIFIED COMPLAINT

NOW COME Plaintiffs Capital City Concrete, Inc. and Lori J. DeRobbio and hereby state as follows:

1. Plaintiff Capital City Concrete, Inc. ("Capital City") is a Rhode Island corporation with a principal place of business located at 61 Deerfield Drive, North Scituate, Rhode Island.

2. Plaintiff Lori J. DeRobbio ("DeRobbio") is a resident of North Scituate, Rhode Island.

3. Upon information and belief, Defendant Cherokee Construction, Inc. ("Cherokee") is Rhode Island corporation with a principal place of business at 48 Queen Street, Cranston, Rhode Island.

4. Upon information and belief, Defendant Louis Fresolone ("Fresolone") is a resident of West Warwick, Rhode Island.

5. Upon information and belief, Defendant Charles S. Kirwan is a resident of Rhode Island with a principal place of business located at 36 Park Place, Pawtucket, Rhode Island.

128447

True Copy Attest
[signature] LIB
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
3871

6. Upon information and belief, Defendant Charles S. Kirwan, doing business as Charles S. Kirwan & Associates, is a resident of Rhode Island with a principal place of business located at 36 Park Place, Pawtucket, Rhode Island. (Charles S. Kirwan and Charles S. Kirwan, doing business at Charles S. Kirwan & Associates, are jointly referred to as "Kirwan.")

7. Whiting–Turner Contracting Company is a general contracting company (Whiting-Turner").

8. Upon information and belief, Whiting-Turner had an agreement with the United States Navy to construct a Fire Police Safety Complex at a Naval Base located in Newport, Rhode Island (the "FPS Project").

9. On or about September 8, 2004, Whiting-Turner executed a written contract with Capital City to sub-contract a portion of the work that Whiting-Turner had contracted to perform for the United States Navy on the FPS Project. Specifically, Capital City agreed to construct all cast-in-place concrete for all foundations, slab-on-grade, slab-on-deck, equipment pads and any other necessary structures under the contract for the FPS Building, the North Gate and Gate No. 2 and truck aprons.

10. During or about June 2004, Capital City entered into an agreement with Cherokee to sub-subcontract a portion of the work that Whiting-Turner had sub-contracted to Capital City on the FPS Project. Specifically, Cherokee agreed to construct the slab-on-grade at the FPS Building and provide any excess labor as was necessary.

11. During or about November 2004, Cherokee commenced work on the FPS Project.

12. On or about November 27, 2004, Capital City submitted to Whiting-Turner a <u>Partial Wavier and Release For Second Tier Subcontractor and Suppliers</u> (the "Partial Wavier and Release") which had been executed by Fresolone and notarized by DeRobbio. A copy of the



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Partial Wavier and Release is annexed hereto as **Exhibit A**.

13. On or about November 30, 2004, Cherokee sought $33,284.20 in progress payments from Capital City and provided Capital City with a document identified as "Invoice #1" (the "Invoice"). Only approximately $30,000 of the Invoice was approved by Capital City because the amount of workman's hours claimed by Cherokee on the Invoice was inconsistent with the amount of workman's hours disclosed on Cherokee's payroll. Under Capital City's agreement with Cherokee, Capital City was entitled to maintain a 10% retainage.

14. On or about January 24, 2005, Fresolone went to the offices of Capital City and picked up check No. 426 ("Check No. 426") in the amount of $28,000 on account of the Invoice, representing a partial payment of the actual contracted work on the FPS Building and did not include any payment on account of the claimed holiday hours as they could not be verified. In the explanation box on the front of the Check No. 426 was a note stating "Slab – FPS Bldg. (partial)." A copy of front and back of Check No. 426 is annexed hereto as **Exhibit B.**

15. According to the information on the back of Check No. 426 processed by Centreville Saving Bank, Cherokee deposited Check No. 426 into an account at Centreville Savings Bank on January 25, 2005.

16. Upon information and belief, during early February 2005 and after receiving and depositing Check No. 426, Fresolone went to the FPS Project jobsite and told representatives of Whiting-Turner that Capital City had made no progress payments to Cherokee for work performed by Cherokee on the FPS Project and demanded that Whiting-Turner take action against Capital City.

17. Upon information and belief, in late February 2005, representatives of Whiting-Turner presented to Fresolone the Partial Release and Waiver. Upon information and belief,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Fresolone told the representatives at Whiting-Turner that the signature that appeared in the Partial Release and Waiver was not his signature, and that the Check No. 426 represented payment on a different project.

18. By letter dated March 25, 2005 (the "March 25 Letter"), from Fresolone's and Cherokee's counsel, Charles S. Kirwan of Charles S. Kirwan & Associates, to Andrew Natale, a Whiting-Turner employee involved in the FPS Project, Kirwan strongly implied that Capital City and DeRobbio had forged Fresolone's signature on the Partial Waiver and Release and/or obtained property under false pretenses and/or committed other crimes punishable by imprisonment. Specifically, Kirwan states that "You will note that the partial waiver and release misspells the name "Fresolone", and, as confirmed by Mr. Fresolone, the notarized signature purporting to be Mr. Fresolone's signature, does not in any respect resemble his own signature." In said letter, Kirwan demanded that Whiting-Turner take action against Capital City. A copy of the March 25 Letter is annexed hereto as **<u>Exhibit C</u>**.

19. Forgery is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-17-1, punishable by imprisonment for a period of not more than ten (10) years or by a fine of not more than $1,000.00 or both. Obtaining property under false pretenses is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-41-4 punishable by imprisonment for a period of not more that ten (10) years or by a fine of not more than $5,000 or both.

20. In response to the aforedescribed oral statements that, upon information and belief, were made by Fresolone, and the written statements made by Kirwan, Whiting-Turner has withheld progress payments to Capital City causing damage to its business.

21. The oral statements that, upon information and belief, were made by Fresolone,



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and the written statements made by Kirwan, have damaged the reputation of Capital City and DeRobbio in the construction industry.

22. As a direct and proximate cause of the oral statements that, upon information and belief, were made by Fresolone, and the written statements made by Kirwan, Capital City has lost business.

23. DeRobbio has suffered emotional distress and physical manifestations thereof as a direct and proximate cause of the oral statements that, upon information and belief, were made by Fresolone, and the written statements made by Kirwan.

24. Capital City and DeRobbio, through counsel, have made two written demands on Kirwan for retraction letters in order to mitigate damages directly and proximately caused by the aforedescribed false and defamatory statements made by Kirwan, Cherokee and Fresolone. As of the date of this Verified Complaint, Kirwan, Cherokee and Fresolone had not provided retraction letters to Capital City and DeRobbio. Copies of said written demands are annexed hereto as **<u>Exhibit D</u>**.

**<u>COUNT ONE</u>**
**<u>DEFAMATION</u>**
**<u>(CLAIM ASSERTED BY CAPITAL CITY AGAINST FRESOLONE AND CHEROKEE)</u>**

25. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

26. Cherokee and Fresolone made false and defamatory communications to representatives of Whiting-Turner against Capital City including (i) written statements published in the March 25 Letter through Kirwan and, (ii) upon information and belief, oral statements made to representatives of Whiting-Turner.

27. Included among the statements was a statement that implied Capital City had



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

28. Cherokee and Fresolone made the statements knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

29. The statements were made, among other reasons, to damage Capital City's reputation in the construction industry.

30. As a direct and proximate cause of the statements, Capital City's reputation in the construction industry has been damaged.

31. As a direct and proximate cause of the statements, Capital City has suffered and will suffer damages, lost income and lost profits.

**COUNT TWO**
**DEFAMATION**
**(CLAIM ASSERTED BY DEROBBIO AGAINST CHEROKEE AND FRESOLONE)**

32. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

33. Cherokee and Fresolone made false and defamatory communications to representatives of Whiting-Turner against DeRobbio including (i) written statements published in the March 25 Letter through Kirwan and, (ii) upon information and belief, oral statements made to representatives of Whiting-Turner.

34. Included among the statements was a statement that implied that DeRobbio had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

35. Cherokee and Fresolone made the statements knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

36. The statements were made, among other reasons, to damage DeRobbio's reputation in the construction industry.

37. As a direct and proximate cause of the statements, DeRobbio's reputation in the construction industry has been damaged.

38. As a direct and proximate cause of the statements, DeRobbio has suffered emotional distress and physical manifestations thereof.

**COUNT THREE**
**DEFAMATION**
**(CLAIM ASSERTED BY CAPITAL CITY AGAINST KIRWAN)**

39. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

40. Kirwan made false and defamatory communications to representatives of Whiting-Turner against Capital City in the March 25 Letter through counsel.

41. Included among the written statements was a statement that implied that Capital City had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

42. The statements were made knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

43. The statements were made, among other reasons, to damage Capital City's reputation in the construction industry.

44. As a direct and proximate cause of the statements, Capital City's reputation in the construction industry has been damaged.

45. As a direct and proximate cause of the statements, Capital City has suffered and will suffer damages, lost income and lost profits.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT FOUR**
**DEFAMATION**
**(CLAIM ASSERTED BY DEROBBIO AGAINST KIRWAN)**

46. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

47. Kirwan made false and defamatory communications to representatives of Whiting-Turner against DeRobbio in the March 25 Letter.

48. Included among the written statements was a statement that implied that DeRobbio had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

49. The statements were made by Kirwan knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

50. The statements were made, among other reasons, to damage DeRobbio's reputation in the construction industry.

51. As a direct and proximate cause of the statements, DeRobbio's reputation in the construction industry has been damaged.

52. As a direct and proximate cause of the statements, DeRobbio has suffered emotional distress and physical manifestations thereof.

**COUNT FIVE**
**LIBEL**
**(CLAIM ASSERTED BY CAPITAL CITY AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

53. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

54. Kirwan, and Cherokee and Fresolone, through Kirwan, made false and



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

defamatory communications to Anthony Natale of Whiting-Turner against Capital City in the March 25 Letter.

55. The statements made by Kirwan, and Cherokee and Fresolone, through Kirwan as their counsel, in the March 25 Letter included a statement implying that Capital City had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

56. The statements were made knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

57. The statements were made, among other reasons, to damage Capital City's reputation in the construction industry.

58. As a direct and proximate cause of the statements, Capital City's reputation in the construction industry has been damaged.

59. As a direct and proximate cause of the statements, Capital City has suffered and will suffer damages, lost income and lost profits.

**COUNT SIX**
**LIBEL**
**(CLAIM ASSERTED BY DEROBBIO AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

60. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

61. Kirwan, and Cherokee and Fresolone, through Kirwan as counsel, made false and defamatory communications to Anthony Natale of Whiting-Turner against DeRobbio in the March 25 Letter.

62. The statements made by Kirwan, and Cherokee and Fresolone, through Kirwan as



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

their counsel, in the March 25 Letter included a statement implying that DeRobbio had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude.

63. The statements were made knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

64. The statements were made, among other reasons, to damage DeRobbio's reputation in the construction industry.

65. As a direct and proximate cause of the statements, DeRobbio's reputation in the construction industry has been damaged.

66. As a direct and proximate cause of the statements, DeRobbio has suffered emotional distress and physical manifestations thereof.

**COUNT SEVEN**
**SLANDER**
**(CLAIM ASSERTED BY CAPITAL CITY AGAINST CHEROKEE AND FRESOLONE)**

67. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

68. Upon information and belief Cherokee and Fresolone, made false and defamatory oral statements against Capital City to representatives of Whiting-Turner.

69. The oral statements made Cherokee and Fresolone, included a statement implying that Capital City had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude

70. The statements were made knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

71. The statements were made, among other reasons, to damage Capital City's



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

reputation in the construction industry.

72. As a direct and proximate cause of the statements, Capital City's reputation in the construction industry has been damaged.

73. As a direct and proximate cause of the statements, Capital City has suffered and will suffer damages, lost income and lost profits.

**COUNT EIGHT**
**SLANDER**
**(CLAIM ASSERTED BY DEROBBIO AGAINST CHEROKEE AND FRESOLONE)**

74. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

75. Upon information and belief Cherokee and Fresolone, made false and defamatory oral communications against DeRobbio to representatives of Whiting-Turner.

76. The oral statements made Cherokee and Fresolone, included a statement implying that DeRobbio had committed a crime punishable by imprisonment and/or regarded by public opinion as involving moral turpitude

77. The statements were made knowing that they were false, or in reckless disregard of the truth, or having negligently failed to ascertain their truth.

78. The statements were made, among other reasons, to damage DeRobbio's reputation in the construction industry.

79. As a direct and proximate cause of the statements, DeRobbio's reputation in the construction industry has been damaged.

80. As a direct and proximate cause of the statements, DeRobbio has suffered emotional distress and physical manifestations thereof.



True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT NINE**
**MISREPRESENTATION**
**(CLAIM ASSERTED BY CAPITAL CITY**
**AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

81. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

82. Kirwan, Cherokee and Fresolone intentionally and/or negligently made misrepresentations to Whiting-Turner about Capital City.

83. As a direct and proximate cause of said misrepresentations, Whiting-Turner has withheld progress payments to Capital City.

84. As a direct and proximate cause of said misrepresentations, Capital City's business relationship with Whiting-Turner has been impaired.

85. As a direct and proximate cause of the misrepresentations, Capital City has suffered and will suffer damages, lost income and lost profits.

**COUNT TEN**
**MISREPRESENTATION**
**(CLAIM ASSERTED BY DEROBBIO**
**AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

86. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

87. Kirwan, Cherokee and Fresolone intentionally and/or negligently made misrepresentations to Whiting-Turner about DeRobbio.

88. As a direct and proximate cause of the misrepresentations, DeRobbio has suffered emotional distress and physical manifestations thereof.

**COUNT ELEVEN**
**INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(CLAIM ASSERTED BY CAPITAL CITY**
**AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

89. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

90. Kirwan, Cherokee and Fresolone knew that Capital City had contractual relations with Whiting-Turner.

91. Kirwan, Cherokee and Fresolone intentionally and/or negligently interfered with said contractual relations by making misrepresentations.

92. As a direct and proximate cause of said interference, Whiting-Turner has withheld progress payments to Capital City.

93 As a direct and proximate cause of said misrepresentations, Capital City's business relationship with Whiting-Turner has been impaired.

94. As a direct and proximate cause of the misrepresentations, Capital City has suffered and will suffer damages, lost income and lost profits.

**COUNT TWELVE**
**INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS**
**(CLAIM ASSERTED BY CAPITAL CITY**
**AGAINST KIRWAN, CHEROKEE AND FRESOLONE)**

95. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

96. Kirwan, Cherokee and Fresolone knew that Capital City had advantageous business relations with Whiting-Turner.

97. Kirwan, Cherokee and Fresolone intentionally and/or negligently interfered with said business relations by making misrepresentations.

98. As a direct and proximate cause of said misrepresentations, Capital City's business relationship with Whiting-Turner has been impaired.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

99. As a direct and proximate cause of the misrepresentations, Capital City has suffered and will suffer damages, lost income and lost profits.

WHEREFORE, Capital City and DeRobbio seek a judgment against Kirwan, Cherokee and Fresolone for (i) damages, including without limitation, actual damages, compensatory damages, consequential damages, exemplary damages, and punitive damages, the amount of which to be determined at trial but, in any event, exceeding the statutory minimum; (ii) prejudgment interest; (iii) reasonable attorney fees and costs; and (iv) such further relief as Capital City and DeRobbio are entitled to under law.

CAPITAL CITY CONCRETE, INC. and
LORI J. DEROBBIO
By their Attorney,

Theodore Orson, Esq. (3871)
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-2922 fax

**PLAINTIFFS HEREBY MAKE DEMAND FOR TRIAL BY JURY.**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Lori J. DeRobbio

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, Rhode Island on the 13th day of April, 2005, before me personally appeared Lori J. DeRobbio who made oath that she subscribed to the foregoing Complaint, that she knows the contents thereof and that the same are true, excepting those matters stated on information and belief, and as to those matters, she believes them to be true.

Notary Public: Stephen M. Brusini
Expires: February 23, 2006

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

THE WHITING-TURNER CONTRACTING COMPANY

EXHIBIT A

**EXHIBIT I**

## PARTIAL WAIVER AND RELEASE FOR SECOND TIER SUBCONTRACTORS AND SUPPLIERS

The Whiting-Turner Contracting Company *(General Contractor)* DATE: 11-27-04

OWNER: The United States Navy

PROJECT: 10010-Consolidated Fire, Police and Security: North Gate and Gate 2

SUBCONTRACTOR: Capital City Concrete Inc.

The undersigned Company, a subcontractor or supplier to the Subcontractor named above, and hereinafter referred to as the "Company", in consideration of payment previously received and in consideration of payment for work performed through the current date set forth below, hereby waives and releases all mechanics', materialman's, or other liens and, to the fullest extent permitted by law, all rights to file any such liens in the future, and all claims and demands against the Owner, the General Contractor and the real property on which the Project is located, and any claims arising out of work, labor, services, equipment or materials, performed or furnished by the Company, its subcontractors and suppliers, in connection with the Project, through the period covered by the current invoice.

Except as noted below, the Company further acknowledges and represents that all persons and entities which have provided labor or material, or rented equipment, for or through the Company in connection with the Project have been paid in full, for the periods covered by previous payments, that the previous payments to the Company have been properly applied to pay all outstanding invoices relating to the Project, that the Company is not aware of any claims, or circumstances which could give rise to future claims, against the Owner, the General Contractor or the Project, and that all payroll, withholding and other taxes, union benefits, insurance premiums or other amounts required by law, regulation or agreement to be paid in connection with labor for the project have been paid in full through the last date of work covered by the current invoice.

List exceptions, if any:

~~10% Retainage.~~ None

Last date of work period covered by current invoice: November Requisition - Invoice I

Cherokee Construction, Inc.
*(Name of Company)*

BY: [signature] V.P.
*Signature*, Duly Authorized Agent of Company

ADDRESS: 48 Queen Street
Cranston, RI 02920

Louis Freselone, Vice President
*Printed Name and Title*

STATE OF Rhode Island )

(CITY) (COUNTY) OF Providence ) ) to wit:

On this 27th day of November, 2004, appeared before me Louis Freselone and he/she made oath in due form of law that the facts, information and representations set forth in the foregoing Company's Partial Waiver and Release, are true and accurate to the best of his/her knowledge, information and belief.

[signature] C. DiDonato
*Notary Public*

My commission expires: 10/9/2006

Initialed By:

Construction Manager: [initials]

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# EXHIBIT B

CAPITAL CITY CONCRETE, INC.
[redacted]
JOHNSTON, [redacted]

| EXPLANATION | AMOUNT |
|---|---|
| Slab - Re-Deal (Partial) | |

PAY AMOUNT OF Twenty-eight Thousand and 00/100 DOLLARS

| DATE | | | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|---|
| 4/24/05 | Cherokee Construction | | 4041552 | 28,000 |

Fleet

AUTHORIZED SIGNATURE

57-1/115

⑈000426⑈ ⑆011500010⑆ 93957 63627⑈ ⑈0002800000⑈

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

01262005
0110-0001-5
ENT=2962 TRC=3001 PK=09
0614780343

BANK OF AMERICA,NA MAL
011000138 E4030 01 P03
01/26/05
0470363965

JAN 25 05

▸011500913◂

▸011500713◂

5555 96476

DEPOSIT FOR
CHEROKEE CONSTRUCTION INC.
# 0560995

EXHIBIT C



# CHARLES S. KIRWAN & ASSOCIATES

ATTORNEYS AT LAW
36 PARK PLACE
PAWTUCKET, RHODE ISLAND 02860

CHARLES S. KIRWAN

Tel (401) 722-2500
Fax (401) 727-1284
e-mail kirwanlaw@gis.net

Admitted RI, MA, NJ, DC

March 25, 2005

VIA TELECOPIER (846-4215)
AND REGISTERED MAIL

Mr. Andrew Natale, Project Manager
WHITING TURNER CONTRACTING COMPANY
1297 Bushnell Street
Middletown, R.I. 02842

Re: Cherokee Construction, Inc. and Capital City Concrete, Inc.

| | |
|---|---|
| Bond Principal | Whiting-Turner Contracting Company |
| Bond No | 104161881 (Travelers Casualty & Surety Company of America) |
| Contract No. | N62477-99-D-0019/0025 Navy Combo Fire Station and Gates Project |
| Subcontractor | Capital City Concrete, Inc. |
| Sub-Subcontractor | Cherokee Construction, Inc. |

**MILLER ACT BOND CLAIM NOTICE AND REQUEST FOR INFORMATION**

Dear Mr. Natale:

The undersigned represents Cherokee Construction, Inc. As Whiting-Turner is aware, Cherokee Construction served as a lower tier subcontractor to your subcontractor, Capital City Concrete with respect to the above referenced Miller Act Navy construction contract ("the Project").

As Mr. Louis Fresolone of Cherokee Construction advised you during the week of January 10, 2005, Capital City Concrete had not made payment to Capital City Concrete in the amount of $33,284.20 for work duly completed by Cherokee Construction with respect to the Project. On January 24, 2005, Mr. Fresolone met with you to attempt to secure payment of the $33,284.20 balance earned by and owed to Cherokee Construction. On February 28, 2005, you continued Whiting-Turner's cooperation with Cherokee Construction by providing Mr. Fresolone a copy of the attached partial waiver and release that names Cherokee Construction and Mr. Fresolone. You advised Mr. Fresolone that Capital City Concrete provided the attached partial waiver and release to Whiting-Turner to secure payment from Whiting-Turner for the Project work duly completed by Cherokee Construction. You will note that the partial waiver and release misspells the name "Fresolone", and, as confirmed by Mr. Fresolone, the notarized signature purporting to be Mr Fresolone' signature, does not in any respect resemble his own actual signature. On March 18, 2005, Mr. Fresolone again met with you regarding this payment problem at which time you indicated Whiting Turner was indeed holding funds that eventually would be payable to Capital City Concrete. Any such funds should be paid to or held on account for Cherokee Construction until Capital City Concrete pays Cherokee Construction the $33,284.20 balance earned by and owed to Cherokee Construction.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Mr. Andrew N ata , Project Manager
WHITING TU NER CONTRACTING COMPANY
March 25, 200
Page Two

1. At this time demand is made that Whiting-Turner demand and take all steps necessary to secure a written notarized statement from Capital City Concrete to explain to Whiting-Turner who actually signed Mr. Presolone's name on the attached partial waiver and release. We request a copy from Whiting Turner as soon as Capital City Concrete complies with this requirement.

2. At this time demand is made that Whiting-Turner withhold any payments owed to Capital City Concrete on any project involving Capital City Concrete in an amount sufficient to assure full payment to Cherokee Construction. As we understand it, the standard Whiting-Turner sub contract expressly allows Whiting-Turner the right to set-off and recoup or retain amounts otherwise payable to Capital City Concrete to account for Capital City Concrete's failure or refusal to pay Cherokee Construction on this Project. If Whiting-Turner now has or will have funds otherwise payable to Capital City Concrete up to an including the $33,284.20 owed to Cherokee Construction, demand is made that Whiting-Turner, issue a check to Cherokee Construction and back-charge Capital City Concrete in an equal amount.

3. At this time, Whiting-Turner is also notified of Cherokee Construction's intent to pursue its Miller Act bond claim rights to recover its $33,284.20 project balance from the bond. If Miller Act litigation is required, Cherokee Construction hereby asserts and reserves its right to cover all compensable damages, attorneys fees, pre-judgment interest and court costs.

Cherokee Construction regrets that non-payment by Capital City Concrete forces these demands. Whiting-Turner's continued assistance and cooperation are respectfully requested. Cherokee Construction, Mr. Presolone and the undersigned thank you for your prompt assistance in helping Cherokee Construction recover the $33,284.20 that it earned on the Project. If Whiting-Turner at any time needs any additional information from Cherokee Construction concerning this matter, then kindly please let me know and we will expedite delivery of the responsive data.

Thank you very much.

Very truly yours,

Charles S. Kirwan
Counsel to Cherokee Construction

Attachment

cc: Cherokee Construction
Capital City Concrete

Registered Mail

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

EXHIBIT D

ORSON AND BRUSINI LTD

COUNSELORS AT LAW

Theodore Orson *
(401) 861-0311

Stephen M. Brusini **
(401) 861-0102

Christine L. Rossi *
(401) 861-1170

* also admitted to practice in Massachusetts

** also admitted to practice in Massachusetts and New York

March 30, 2005

COPY

***VIA FAX TO (401) 727-1256***
***AND VIA REGULAR MAIL***
Charles S. Kirwan, Esq.
Charles S. Kirwan & Associates
36 Park Place
Pawtucket, RI 02860

***Re: Cherokee Construction, Inc.; Capital City Concrete, Inc.***

Dear Mr. Kirwan:

This office represents Capital City Concrete, Inc. ("Cap City") and Lori J. DeRobbio in connection with its and her claims against Cherokee Construction, Inc. ("Cherokee"). I am in receipt of your letters to Ms. DeRobbio and to Stacy Nakasian, Esq. dated March 21, 2005, as well as to Whiting Turner Contracting Company dated March 25, 2005. Your letter to Ms. DeRobbio states that Cap City elected not to reply to your letter purportedly sent to Cap City's counsel. In fact, Ms. Nakasian informed you that she did not generally represent Cap City and did not represent Cap City in connection with Cherokee, thereby making your statement as to Ms. DeRobbio's response false and misleading.

Your letters suggest that: (A) Cherokee is owed $33,284.20 from Cap City for the Navy Police and Fire Safety project at the Newport Navy Base for work "duly completed;" (B) the signature appearing on Cherokee's partial lien release that purports to be that of Louis Fresolone, vice president of Cherokee, is not in fact Mr. Fresolone's signature; and (C) the partial lien waiver sent to Whiting-Turner, the general contractor for the above project, constitutes obtaining money under false pretenses by Cap City. The allegations set forth in your letters are not only denied by Cap City, they are absurd, patently false, and asserted in bad faith.

A. As you are or should be aware, Cap City made a payment on account to Cherokee for the above project in the amount of $28,000 on January 24, 2005 (copy of check attached). The check includes notations on its face that it applies to the "Whiting-Turner" project and the "slab – FPS [fire, police, safety] bldg (partial) [payment]." The check was in fact endorsed and deposited by Cherokee on or about January 26, 2005. Further, Cap City has received two Quality Control Inspection Reports from Whiting-Turner for the above project dated February 8, 2005 and February 9, 2005 (copies attached). The reports identify defective saw cuts by Cherokee on its slab work and a failure by Cherokee to provide a level and flat floor slab. Both notices require repairs. To the extent that Cap City is required to repair or expend time or funds to repair the defective work provided by Cherokee, Cap City intends to backcharge Cherokee for such amounts. Given the $28,000 payment already made by Cap City, it is likely that the amount of the backcharge will substantially exceed any balance claimed to be due by Cherokee. Your statements that Cherokee continues to be owed $33,284 on the above project are either knowingly false or made with a reckless disregard for truth or falsity.

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

S:\sbrusini\Cap City re Cherokee\Correspondence\Kirwan Ltr 3-30-05.doc

B. Mr. Fresolone, as vice president of Cherokee, appeared at Cap City's office on November 27, 2004 and signed the partial lien waiver in the presence of a notary public. I have attached copies of the lien waiver as well as the certified payrolls submitted by Mr. Fresolone for the pay periods from November 11-13, 2004 and November 14-20, 2004. You will note that the three signatures are virtually identical. Therefore, your statements that Mr. Fresolone did not sign the waiver and that the signature on the lien waiver "does not in any respect resemble his own actual signature" are either knowingly false or made with a reckless disregard for truth or falsity.

C. Your statement that submission by Cap City of the partial lien waiver signed by Mr. Fresolone before a notary public was tantamount to obtaining money under false pretenses is predicated on your allegations as to the distinction between Mr. Fresolone's signature on the lien waiver and his signature on other documents, which for the reasons set forth above is either knowingly false or made with a reckless disregard for truth or falsity.

In your letter dated March 25, 2005 to Whiting-Turner, you – and not Cherokee - stated or suggested that: (i) Cherokee continues to be owed $33,284.20 from Cap City for the Navy Police and Fire Safety project at the Newport Navy Base; (ii) the signature appearing on Cherokee's partial lien release that purports to be that of Louis Fresolone, vice president of Cherokee, is not in fact Mr. Fresolone's signature; and (iii) the partial lien waiver sent to Whiting-Turner, the general contractor for the above project, constitutes obtaining money under false pretenses by Cap City. For the reasons stated above, your statements were either knowingly false or made with a reckless disregard for truth or falsity. Further, your statements to Whiting-Turner were libelous and defamatory as to Cap City and Ms. DeRobbio, as well as injurious to its and her business reputations. Your letter also constitutes intentional interference with Cap City's contractual obligations for this project and its advantageous business relations.

If you do not immediately provide a retraction statement to Whiting-Turner, this office has been authorized to file suit against you and against Cherokee based on the above claims. This is in addition to and not in lieu of Cap City's claims for contractual damages as set forth above.

Very truly yours,

[signature]

Theodore Orson

cc w/ encl: Andrew Natale, Project Manager, Whiting-Turner Contracting Company
(via fax to 401-846-4215 and via regular mail)
Lori J. DeRobbio

cc: Stephen M. Brusini, Esq.

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CAPITAL CITY CONCRETE, INC.
[illegible]
JOHNSTON, RHODE ISLAND [illegible]

57-1/115

426

| EXPLANATION | AMOUNT |
|---|---|
| Slab - Friday (Partial) | |

PAY AMOUNT OF Twenty-eight thousand and 00/100 DOLLARS

| DATE | | | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|---|
| 1/24/05 | Cherokee Construction | [illegible] 4041552 | [illegible] | $28,000.00 |

Fleet

AUTHORIZED SIGNATURE

⑈000426⑈ ⑆011500010⑆ 93957 63627⑈ ⑈0002800000⑈

DEPOSIT FOR
CHEROKEE CONSTRUCTION INC.
# 0560995

5555 96476

▶£16005110◀
[illegible]
West [illegible] RI
▶011500713◀

JAN 25 05

0121-005
0110-0001-5
ENT-4962 TRC=3001 PK=09
0614-80343

BANK OF AMERICA, NA MAL
[illegible] E4030 01 P03
01/26/05

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# THE WHITING-TURNER CONTRACTING COMPANY
# QUALITY CONTROL INSPECTION REPORT

PROJECT: CFPS Facility and New Gates

DATE: 2-8-05

LOCATION: Newport Naval Station

SPECIFICATION REFERENCE: 03300 -

JOB #: 10010-001

DRAWING REFERENCE: S-11

SUBCONTRACTORS: CAPITOL CITY CONCRETE

SUBMITTAL REFERENCE:

SUB-SUBCONTRACTORS: CHEROKEE

MATERIAL: (Item description including size, location, color, manufacturer, gauge, voltage, etc.)
CFPS - APPARATUS BAY FLOOR SLAB

NOTES & COMMENTS: SAW CUTS NOT STRAIGHT and concrete IS CHIPPING OUT ALONG THE EDGES of the CUTS

Through this inspection, the item was found to be apparently in compliance with the Drawings and Specifications.

[ ] Yes [X] No

Further action recommended: REPAIR procedure To Be submitted and approved prior to work

Inspection of corrective measures scheduled:

AT completion of Repairs

SIGNATURE: [signature]

PRINT NAME: CHARLES HALL

Distribution: Original – WT QC Handbook
Copy – M. Belcher

If not in compliance, copy to be sent to Vendor(s) by Project Engineer.

Vendor(s) CAPITAL CITY CONCRETE

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# THE WHITING-TURNER CONTRACTING COMPANY
# QUALITY CONTROL INSPECTION REPORT

PROJECT: CFPS Facility and New Gates DATE: 2-9-05

LOCATION: Newport Naval Station SPECIFICATION REFERENCE: 03300 - 3.8.2, 3.11.1 E

JOB #: 10010-001 DRAWING REFERENCE:

SUBCONTRACTORS: Capital City Concrete SUBMITTAL REFERENCE:

SUB-SUBCONTRACTORS: cherkas

MATERIAL: (Item description including size, location, color, manufacturer, gauge, voltage, etc.)
Floor slab not level - flat - with required flatness

NOTES & COMMENTS: puddling in many areas

Through this inspection, the item was found to be apparently in compliance with the Drawings and Specifications.

☐ Yes ☑ No

Further action recommended:
Repair by approved methods as needed based on floor testing

Inspection of corrective measures scheduled:

SIGNATURE: [signature] PRINT NAME: Charles Hall

Distribution: Original – WT QC Handbook
Copy – M. Belcher

If not in compliance, copy to be sent to Vendor(s) by Project Engineer.

Vendor(s) Capital City Concrete

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

THE WHITING-TURNER CONTRACTING COMPANY

**EXHIBIT I**

## PARTIAL WAIVER AND RELEASE FOR SECOND TIER SUBCONTRACTORS AND SUPPLIERS

The Whiting-Turner Contracting Company *(General Contractor)* DATE: 11-27-04

OWNER: The United States Navy

PROJECT: 10010-Consolidated Fire, Police and Security: North Gate and Gate 2

SUBCONTRACTOR: Capital City Concrete Inc.

The undersigned Company, a subcontractor or supplier to the Subcontractor named above, and hereinafter referred to as the "Company", in consideration of payment previously received and in consideration of payment for work performed through the current date set forth below, hereby waives and releases all mechanics', materialman's, or other liens and, to the fullest extent permitted by law, all rights to file any such liens in the future, and all claims and demands against the Owner, the General Contractor and the real property on which the Project is located, and any claims arising out of work, labor, services, equipment or materials, performed or furnished by the Company, its subcontractors and suppliers, in connection with the Project, through the period covered by the current invoice.

Except as noted below, the Company further acknowledges and represents that all persons and entities which have provided labor or material, or rented equipment, for or through the Company in connection with the Project have been paid in full, for the periods covered by previous payments, that the previous payments to the Company have been properly applied to pay all outstanding invoices relating to the Project, that the Company is not aware of any claims, or circumstances which could give rise to future claims, against the Owner, the General Contractor or the Project, and that all payroll, withholding and other taxes, union benefits, insurance premiums or other amounts required by law, regulation or agreement to be paid in connection with labor for the project have been paid in full through the last date of work covered by the current invoice.

List exceptions, if any:

~~10% Retainage.~~ None

Last date of work period covered by current invoice: November Requisition - Invoice I

Cherokee Construction, Inc.
*(Name of Company)*

BY: [signature] V.P.
*Signature*, Duly Authorized Agent of Company

ADDRESS: 48 Queen Street
Cranston, RI 02920

Louis Freselone, Vice President
*Printed Name and Title*

STATE OF Rhode Island )

(CITY) (COUNTY) OF Providence ) ) to wit:

On this 27th day of November, 2004, appeared before me Louis Freselone and he/she made oath in due form of law that the facts, information and representations set forth in the foregoing Company's Partial Waiver and Release, are true and accurate to the best of his/her knowledge, information and belief.

[signature]
*Notary Public*

My commission expires: 10/9/2006

Initialed By:

Construction Manager: AB

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

______, V.P.
(Title)

nt of the persons employed by CHEROKEE

the POLICE, FIRE & SAFETY
(Building or Work)

the payroll period commencing on the 11

ending the 13 day of NOVEMBER, 2004

een paid the full weekly wages earned, that no rebates have
ctly to or on behalf of said

TION INC. from the full
(Subcontractor)

no deductions have been made either directly or indirectly
ier than permissible deductions as defined in Regulations,
cretary of Labor under the Copeland Act, as amended (48
57; 40 U.S.C. 276c), and described below:

s contract required to be submitted for the above period
for laborers or mechanics contained therein are not less
y wage determination incorporated into the contract; that
borer or mechanic conform with the work he performed.

above period are duly registered in a bona fide appren-
nticeship agency recognized by the Bureau of Appren-
nt of Labor, of if no such recognized agency exists in a
iceship and Training, United States Department of Labor.

PAID TO APPROVED PLANS, FUNDS, OR PROGRAMS

wage rates paid to each laborer or mechanic listed in
ayments of fringe benefits as listed in the contract have
opriate programs for the benefit of such employees,

(b) WHERE FRINGE BENEFITS ARE PAID IN CASH

☐ — Each laborer or mechanic listed in the above referenced payroll has been paid, as indicated on the payroll, an amount not less than the sum of the applicable basic hourly wage rate plus the amount of the required fringe benefits as listed in the contract, except as noted in Section 4(c) below.

(c) EXCEPTIONS

| EXCEPTION (CRAFT) | EXPLANATION |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

REMARKS:

| NAME AND TITLE | SIGNATURE |
|---|---|
| LOU FRESOLONE V.P. | [signature] V.P. |

THE WILLFUL FALSIFICATION OF ANY OF THE ABOVE STATEMENTS MAY SUBJECT THE CONTRACTOR OR SUBCONTRACTOR TO CIVIL OR CRIMINAL PROSECUTION. SEE SECTION 1001 OF TITLE 18 AND SECTION 231 OF

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Date 12-16-04

I, Lou FRESOLONE (Name of Signatory Party), V.P. (Title)

do hereby state:

(1) That I pay or supervise the payment of the persons employed by CHEROKEE CONSTRUCTION INC (Contractor or Subcontractor) on the POLICE, FIRE & SAFETY BUILDING (Building or Work); that during the payroll period commencing on the 14 day of NOVEMBER, 2004, and ending the 20 day of NOVEMBER, 2004, all persons employed on said project have been paid the full weekly wages earned, that no rebates have been or will be made either directly or indirectly to or on behalf of said CHEROKEE CONSTRUCTION INC. (Contractor or Subcontractor) from the full weekly wages earned by any person and that no deductions have been made either directly or indirectly from the full wages earned by any person, other than permissible deductions as defined in Regulations, Part 3 (29 CFR Subtitle A), issued by the Secretary of Labor under the Copeland Act, as amended (48 Stat. 948, 63 Stat. 108, 72 Stat. 967; 76 Stat. 357; 40 U.S.C. 276c), and described below:

(2) That any payrolls otherwise under this contract required to be submitted for the above period are correct and complete; that the wage rates for laborers or mechanics contained therein are not less than the applicable wage rates contained in any wage determination incorporated into the contract; that the classifications set forth therein for each laborer or mechanic conform with the work he performed.

(3) That any apprentices employed in the above period are duly registered in a bona fide apprenticeship program registered with a State apprenticeship agency recognized by the Bureau of Apprenticeship and Training, United States Department of Labor, or if no such recognized agency exists in a State, are registered with the Bureau of Apprenticeship and Training, United States Department of Labor.

(4) That:

(a) WHERE FRINGE BENEFITS ARE PAID TO APPROVED PLANS, FUNDS, OR PROGRAMS

☒ — In addition to the basic hourly wage rates paid to each laborer or mechanic listed in the above referenced payroll, payments of fringe benefits as listed in the contract have been or will be made to appropriate programs for the benefit of such employees, except as noted in Section 4(c) below.

(b) WHERE FRINGE BENEFITS ARE PAID IN CASH

☐ — Each laborer or mechanic listed in the above referenced payroll has been paid, as indicated on the payroll, an amount not less than the sum of the applicable basic hourly wage rate plus the amount of the required fringe benefits as listed in the contract, except as noted in Section 4(c) below.

(c) EXCEPTIONS

| EXCEPTION (CRAFT) | EXPLANATION |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

REMARKS:

| NAME AND TITLE | SIGNATURE |
|---|---|
| LOU FRESOLONE V.P. | [signature] |

THE WILLFUL FALSIFICATION OF ANY OF THE ABOVE STATEMENTS MAY SUBJECT THE CONTRACTOR OR SUBCONTRACTOR TO CIVIL OR CRIMINAL PROSECUTION. SEE SECTION 1001 OF TITLE 18 AND SECTION 231 OF TITLE 31 OF THE UNITED STATES CODE.

*U.S. Government Printing Office 1997 - 421-569

True Copy Attest [signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

ORSON AND BRUSINI LTD

COUNSELORS AT LAW

April 8, 2005

Theodore Orson *
(401) 861-0311

Stephen M. Brusini **
(401) 861-0102

Christine L. Rossi *
(401) 861-1170

* also admitted to practice in Massachusetts

** also admitted to practice in Massachusetts and New York

***VIA FAX TO (401) 727-1256***
***AND VIA REGULAR MAIL***
Charles S. Kirwan, Esq.
Charles S. Kirwan & Associates
36 Park Place
Pawtucket, RI 02860

***Re: Cherokee Construction, Inc.; Capital City Concrete, Inc.***

Dear Mr. Kirwan:

This letter follows up on our telephone conversation earlier this afternoon. After I sent you my March 30 letter, you requested a short period of time to discuss the matter with your client in order to attempt to resolve the matter consensually. You then stated in a March 30 email to me "Let's get this all straightened out ASAP (by 4/6 at the latest)." Until I called you today, April 8, I had not heard from you. When I spoke to you today, you told me that you were not able to deal with the problem or call me back earlier because you have been very busy. Apparently, you do not consider this a serious matter. This is consistent with your publication of serious charges against Capital City and Lori DeRobbio without first reviewing and analyzing the source documents.

In my March 30 letter to you, I attached a copy of the front and back of check number 426 made payable to Cherokee Construction on account of its work on the Whiting Turner Construction Company ("Whiting Turner") job. My client's president, Lori DeRobbio, brought the actual returned check to our office and the copy was made here.

In today's conversation, you responded to my March 30 letter by telling me that your client believes that Capital City fraudulently doctored the front of the check in the explanation box which identified the job as "slab – FPS [fire, police, safety] bldg (partial) [payment]."

Curiously, these new charges, **namely that Capital City doctored the explanation box on the front of the check after it was returned from the bank**, have changed from your prior charges published in your March 25 letter to Whiting Turner and in other letters, **namely that your client's signature had been forged by Capital City**.

Your charges published in your March 25 letter and your client's charges which you relayed to me by telephone today were apparently being made recklessly, arrogantly and with little or no due diligence nor any serious thought as to their probable impact on Capital City's and Lori DeRobbio's business and reputation. The damage that would be caused by publishing that Capital City and, by implication, Lori DeRobbio, are forgers was certainly foreseeable. We intend to hold all responsible parties liable for the actual, consequential and other damages caused to Capital City and Lori DeRobbio, including without limitation (i) actual and consequential damages caused by your intentional interference with Capital City's business relations with Whiting Turner (which we have been told by Whiting Turner led to its decision to hold back progress payments to Capital City); (ii) lost business to Capital City industry-wide; (iii) damage to Capital City's reputation; (iv) emotional distress caused to Lori DeRobbio, (v) punitive and exemplary damages; and (vi) attorney fees incurred in connection with the same.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

S:\sbrusini\Cap City re Cherokee\Correspondence\Kirwan Ltr 4-8-05 doc

Charles S. Kirwan, Esq.
April 8, 2005
Page 2

I have attached a copy of a fax that I have just received from Bank of America with a picture of the front and back of check number 426 delivered to Bank of America. I am providing you with this copy at your specific request. As you can see, it contains the language "slab – FPS [fire, police, safety] bldg (partial) [payment]" in the explanation box.

We demand a retraction letter from you and your client, in a form and substance satisfactory to Capital City and Lori DeRobbio, that we can provide to Whiting-Turner, no later than 3:00 p.m. on Monday afternoon. We also demand payment of this firm's attorney fees incurred to date defending Capital City and Lori DeRobbio from the slander and libel published in your March 25 letter to Whiting Turner. We will provide you with an invoice early next week.

If we do not receive such a letter delivered timely and payment of our attorney fees, Capital City and Lori DeRobbio have authorized this firm to file a law suit against all responsible parties on Tuesday. However, please be clear that even upon receipt of a retraction letter and payment of attorney fees, the damage that you and your client have already caused to Capital City and Lori DeRobbio will not have been undone. Accordingly, Capital City and Lori DeRobbio reserve all of their claims for damages against all responsible parties for the injuries caused to Capital City and Lori DeRobbio.

Very truly yours,

Theodore Orson

cc Andrew Natale, Project Manager, Whiting-Turner Contracting Company
(via fax to 401-846-4215 and via regular mail; with attachment)
Lori J. DeRobbio (via fax; with attachment)
Stephen M. Brusini, Esq. (with attachment)

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

S:\sbrusini\Cap City re Cherokee\Correspondence\Kirwan Ltr 4-8-05.doc

# BANK OF AMERICA - COMMUNITY BANKING GROUP

| NUMBER OF PAGES | CONTENT SENSITIVITY | | | TODAY'S DATE | TIME |
|---|---|---|---|---|---|
| 2 | [✓] Normal | [ ] Confidential | [ ] Urgent | 04/08/05 | 4:03 PM |

**To:**

NAME
TED ORSON

TELEPHONE NUMBER
223-2100

FAX NUMBER
861-2922

COMPANY/DEPARTMENT

**From:**

NAME
Joseph J. Rocchio

TELEPHONE NUMBER
401-781-1817

FAX NUMBER
401-781-4205

COMPANY/DEPARTMENT
BANK OF AMERICA – RI C & I LENDING

[ ] Please Confirm Receipt To Sender

The documents included with this transmittal contain information from Fleet National Bank that is confidential and/or privileged. This information is for the use of the addressee. If you are not the addressee, please note that any disclosure, photocopying, distribution or use of the contents of this faxed information is prohibited.

If you have received this fax in error, please notify the originator by telephone immediately so that we can arrange for the retrieval of these documents at no cost to you.

Do not rely on this transmission for paying money or initiating other transactions without independent verification of its authenticity.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| | |
|---|---|
| Amount: | $28,000.00 |
| Account: | 9395763627 |
| Bank Number: | 01150001 |
| Check Number: | 426 |
| Sequence Number: | 0470363985 |
| Capture Date: | 1/26/05 |

CAPITAL CITY CONCRETE, INC.
60 SHUN PIKE
JOHNSTON, RHODE ISLAND 02919

57-1/119

426

EXPLANATION: Slab - [illegible] (Partial)

PAY AMOUNT OF Twenty-eight thousand and 00/101 DOLLARS

| DATE | TO THE ORDER OF | DESCRIPTION | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|---|
| 1/24/05 | Cherokee Construction | [illegible] | [illegible] | $ 28,000.00 |

Fleet www.fleet.com

AUTHORIZED SIGNATURE

⑈000426⑈ ⑆011500010⑆ 93957 63627⑈ ⑈0002800000⑈

01262005
0110-0001-5
ENT=2962 TRC=3001 PK=09
0614780343

BANK OF AMERICA, NA NAL
011000138 [illegible] 01 [illegible]
01/26/05
0470363985

JAN 25 05

DEPOSIT TO CHEROKEE CONSTRUCTION # 056[illegible]

5555 9 9476

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island