# EXHIBIT D

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

CAPITAL CITY CONCRETE, INC.
and LORI J. DEROBBIO

v.

C.A. No. PC 05-1911

CHEROKEE CONSTRUCTION, INC.
LOUIS FRESOLONE,
CHARLES S. KIRWAN and
CHARLES S. KIRWAN & ASSOCIATES

ANSWER OF DEFENDANTS CHEROKEE CONSTRUCTION, INC. and LOUIS FRESOLONE

Cherokee Construction, Inc. and Louis Fresolone ("the Cherokee Defendants") hereby respond to the baseless and frivolous abuse of process of the putative plaintiffs and make the following averments:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

10. The Cherokee Defendants are unfamiliar with the term "excess labor." The Cherokee Defendants aver that Paragraph 10 is the only instance in which they have seen the term: "excess labor." The Cherokee Defendants aver that Capital City Concrete owes Cherokee Construction $33,284.20 for work and materials installed for and on behalf of Capital City Concrete with respect to the Navy Project. The Cherokee Defendants never agreed to "provide any excess labor." To the extent not specifically admitted herein, the averments of Paragraph 10 are denied and the putative plaintiffs are held to their unsustainable burden of proof.

11. Admitted.

12. Denied.

13. Admitted that on or about November 30, 2004, the Cherokee Defendants prepared an invoice and sought final payment from Capital City Concrete with respect to the Navy Project in the amount of $33,284.20. To the extent not specifically admitted herein, the averments of Paragraph 13 are denied and the putative plaintiffs are held to their unsustainable burden of proof.

14. Admitted that on or about January 24, 2004, Fresolone went to the offices of Capital City Concrete and picked up a check numbered 426 in the amount of $28,000 that bears the notation 'Slab-FPS Bldg. (partial)' attached to the Complaint as Exhibit B. To the extent not specifically admitted herein, the averments of Paragraph 14 are denied and the putative plaintiffs are held to their unsustainable burden of proof.

15. Admitted.

16. Admitted.

17. Admitted that in late February 2005, one or more Whiting-Turner representatives provided a copy of Exhibit A to Fresolone. Admitted that in late February 2005, Fresolone told one

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

or more Whiting-Turner representatives that the signature that appeared on the copy of Exhibit A was not Fresolone's signature. To the extent not specifically admitted herein, the averments of Paragraph 17 are denied and the putative plaintiffs are held to their unsustainable burden of proof.

18. Defendants admit that the contents of Exhibit 'C' speaks for itself, and deny the other allegations contained in Paragraph 18.

19. The averments set forth in paragraph 19 state legal conclusions that do not require responsive pleading. To the extent not specifically admitted herein, the averments of Paragraph 19 are denied and the putative plaintiffs are held to their unsustainable burden of proof.

20. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

**Count I**
**DEFAMATION**
**(Capital City Concrete against Fresolone and Cherokee)**

25. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

26. Denied.

27. Denied.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count I with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count II**
**DEFAMATION**
**(DeRobbio against Fresolone and Cherokee)**

32. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count II with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Count III**
**DEFAMATION**
**(Capital City Concrete Against Kirwan)**

39. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

40. Denied.

41. Denied.

42. Denied.

43. Denied

44. Denied.

45. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count III with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count IV**
**DEFAMATION**
**(DeRobbio Against Kirwan)**

46. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

51. Denied.

52. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count IV with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count V**
**LIBEL**
**(Capital City Concrete against Kirwan, Cherokee and Fresolone)**

53. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count V with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count VI**
**LIBEL**
**(DeRobbio against Kirwan, Cherokee and Fresolone)**

60. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count VI with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count VII**
**SLANDER**
**(Capital City Concrete against Cherokee and Fresolone)**

67. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count VII with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Count VIII**
**LIBEL**
**(DeRobbio against Cherokee and Fresolone)**

74. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count VIII with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count IX**
**MISREPRESENTATION**
**(Capital City Concrete against Kirwan, Cherokee and Fresolone)**

81. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count IX with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count X**
**MISREPRESENTATION**
**(DeRobbio against Kirwan, Cherokee and Fresolone)**

86. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

87. Denied.

88. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count X with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count XI**
**INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(Capital City Concrete against Kirwan, Cherokee and Fresolone)**

89. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count XI with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**Count XII**
**INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS**
**(Capital City Concrete against Kirwan, Cherokee and Fresolone)**

95. The Cherokee Defendants reallege and reincorporate by reference all responses, averments and defenses set forth in this answer as if fully restated in this paragraph.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

**WHEREFORE,** the Defendants respectfully request that the Court dismiss Count XII with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

DEFENSES

1. As their first defense, because this action constitutes an actionable abuse of process, defendants aver that the putative plaintiffs are barred from making any claim against the defendants.

2. As their next defense, defendants aver that this action violates applicable Rule 11 standard, that this action should forthwith be dismissed voluntarily and that this Honorable Court should impose appropriate relief including all available sanctions if all violations are not sooner remedied voluntarily.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

3. As their next defense, defendants aver that the complaint fails to state a claim upon which relief may be granted.

4. As their next defense, defendants aver that the misrepresentations and fraud of putative plaintiffs bars the putative plaintiffs from making any claim against the defendants.

5. As their next defense, defendants aver that the acts and omissions of the putative plaintiffs bar the putative plaintiffs from making any claim against the defendants.

6. As their next defense, defendants aver that the putative plaintiffs' defamation, libel and slander counts must be dismissed for failing to identify any false or defamatory statement allegedly made by any of the defendants of or concerning the putative plaintiffs, for failing to set forth any allegedly defamatory words or their substance, and for failing to identify any allegedly unqualified publication.

7. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants assert truth as a defense.

8. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants assert justification as a defense.

9. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants assert that any statement is substantially true and that the putative plaintiffs cannot sustain their burden of proving the falsity of any such statement.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

10. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants assert a First Amendment privilege guaranteed by United States Constitutional for any and all statements allegedly made in that any such statement constituted opinion.

11. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants assert a privilege pursuant to the Rhode Island Constitution for any and all statements allegedly made in that any such statement constituted opinion.

12. As their next defense, defendants assert a qualified privilege for any and all statements allegedly made in that any such alleged statement was accurate, made in good faith and without malice, made for the primary purpose of protecting Defendant Cherokee's legal rights and legitimate business interests, and reasonably related to the protection of Defendant Cherokee's legal rights and legitimate business interests.

13. As their next defense, defendants assert that any and all actions allegedly taken were taken in good faith and without malice, utilizing legitimate means, for the primary purpose of protecting Defendant Cherokee's legal rights and legitimate business interests, and reasonably related to the protection of Defendant Cherokee's legal rights and legitimate business interests.

14. As their next defense, regarding any statement allegedly made by any of the defendants of which either or both of the putative plaintiffs complain, defendants aver that any such alleged statement was constitutionally privileged, absolutely privileged, qualifiedly privileged, conditionally privileged or otherwise privileged.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

15. As their next defense, defendants assert that the putative plaintiffs have suffered no harm, no injury and no damages.

16. As their next defense, defendants assert that the putative plaintiffs have suffered no harm, no injury and no legally cognizable damages and that all damages alleged by the putative plaintiffs, if any exist, were caused by and resulted from the putative plaintiffs' own actions or statements or those of their agents or attorneys.

17. As their next defense, defendants aver that the acts complained of in the verified complaint were neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the putative plaintiffs.

18. As their next defense, defendants aver that the defendants singularly, collectively, and/or in any combination, were neither the cause in fact nor the legal cause of any legally cognizable harm, injury or damages alleged by the putative plaintiffs in the verified complaint.

19. As their next defense, defendants assert that if putative plaintiffs suffered any legally cognizable harm, injury or damages that the defendants singularly, collectively, and/or in any combination, were not the proximate cause of any such alleged harm, injury or damages.

20. As their next defense, defendants aver that the putative plaintiffs or their agents and attorneys acted unreasonably, violated the doctrine of avoidable consequences and acted in a manner that materially contravened a legitimate claimant's duty to mitigate.

21. As their next defense, defendants aver that the putative plaintiffs are barred by their breach of contract from making any claim against the defendants.

22. As their next defense, defendants aver that the putative plaintiffs are barred by their breach of the duties of good faith and fair dealing from making any claim against the defendants.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

23. As their next defense, defendants aver that the putative plaintiffs waived the claims asserted in the complaint by failing and refusing to perform the contractual and other obligations owed to Defendant Cherokee.

24. As their next affirmative defense, defendants aver that the putative claims alleged in the verified complaint are barred by a failure of consideration.

25. As their next defense, defendants aver that the putative plaintiffs are barred from asserting any claim against the Cherokee Defendants by breaching the fiduciary duties owed by the putative plaintiffs to hold in trust for Defendant Cherokee sums paid by general contractors to putative plaintiff Capital City Concrete for work performed by Defendant Cherokee.

26. As their next defense, defendants aver that the putative plaintiffs are estopped by their own wrongful acts from making any claim against any of the defendants.

27. As their next defense, defendants aver that the putative plaintiffs are barred by their own acts, errors and omissions from making any claim against any of the defendants.

28. As their next defense, defendants aver that the putative plaintiff's claims for punitive damages violate the due process requirements of the Fourteenth Amendment of the United States Constitution, as the system for awarding punitive damages is fundamentally unfair and vague and lacks procedural safeguards. The unbridled discretion on the part of jurors to award punitive damages violates substantive due process rights. Punitive damages under Rhode Island law violate Article I, Section 2 and Article I, Section 8 of the Constitution of the state of Rhode Island.

29. As their next defense, defendants aver that the damages sought by the putative plaintiffs exceed those available at law.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

30. As their next defense, defendants aver that the putative plaintiffs state no cognizable claim for actual damages, compensatory damages, exemplary damages, punitive damages, attorneys fees, or other claim for damages or compensation from any of the defendants.

31. As their next defense, defendants aver that the doctrine of laches bars the putative plaintiffs' claims against any of the defendants.

32. As their next defense, defendants aver that the doctrine of accord and satisfaction bars the putative plaintiffs from asserting any claim against any of the Cherokee Defendants

33. As their next defense, defendants aver that the putative plaintiffs are barred by the doctrine of unclean hands from asserting any claim against the defendants.

34. As their next defense, defendants aver that the putative plaintiffs have been unjustly enriched in their course of dealings with the Cherokee Defendants and the putative plaintiffs are barred from making any claim against the Cherokee Defendants.

35. Defendants reserve the right to raise such other affirmative defenses as warranted by the further litigation of this action.

**WHEREFORE** having answered in full, the defendants respectfully request that the Court dismiss the Verified Compliant with prejudice, enter judgment in favor of the defendants and award defendants their costs and reasonable attorneys fees.

**JURY TRIAL DEMAND**

Demand is hereby made for trial by jury for all issues so triable. Michael J. Lepizzera is designated as Cherokee trial counsel.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNTERCLAIM**
**OF CHEROKEE CONSTRUCTION, INC. and LOUIS FRESOLONE**

1. As alleged in paragraph 3 of the putative complaint, Counterclaim Plaintiff Cherokee Construction, Inc. (hereinafter "Cherokee") is a Rhode Island corporation that maintains its principal place of business in Cranston, Rhode Island.

2. As alleged in paragraph 4 of the putative complaint, Counterclaim Plaintiff Louis Fresolone (hereinafter "Fresolone") is a resident of West Warwick, Rhode Island. Counterclaim Plaintiff Cherokee Construction, Inc. and Counterclaim Plaintiff Louis Fresolone are hereinafter sometimes referred to as the "Cherokee Counterclaim Plaintiffs."

3. As alleged in paragraph 1 of the putative complaint, Counterclaim Defendant Capital City Concrete, Inc. (hereinafter "Capital City Concrete") is a Rhode Island corporation that maintains its principal place of business in Rhode Island.

4. As alleged in paragraph 2 of the putative complaint, Counterclaim Defendant Lori J. DeRobbio (hereinafter "Counterclaim Defendant DeRobbio") is a Rhode Island resident. The phrase "the Capital City Concrete Counterclaim Defendants" refers to Counterclaim Defendant Capital City Concrete and Counterclaim Defendant DeRobbio.

5. Capital City Concrete entered into a variety of construction subcontracts with various general contractors concerning various construction projects to provide specified concrete work, including, inter alia, the following five (5) listed projects: the Whiting-Turner Navy project, the Kent County Courthouse Parking Garage project, the Masic Quinn Pump Station project, the West Warwick Sewer Plant project, and the Travelers Aid & YMCA project (hereinafter "the five (5) listed projects").

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. Regarding each of the five (5) listed projects, Capital City Concrete entered into second-tier subcontracts with Cherokee that required Cherokee to provide concrete flatwork construction services and materials.

7. With respect to each of the five (5) listed projects, Cherokee fully performed and satisfied all obligations owed to Capital City Concrete, provided all necessary materials, and performed its specified work in a timely and workmanlike manner as required under the circumstances.

8. Prior to the $28,000 partial payment that Capital City Concrete belatedly made to Cherokee on January 24, 2005, Capital City Concrete owed Cherokee the following book account contract balances: the Whiting-Turner Navy Project ($33,284.20), the Kent County Courthouse Parking Garage project ($32,591.50), the Masie Quinn Pump Station project ($3,708.25), the West Warwick Sewer Plant project ($2,822.37), and the Travelers Aid & YMCA project ($875.37). Prior to the $28,000 partial payment made on January 24, 2005, Capital City Concrete owed Cherokee a total of $73,281.69, thereafter Capital City Concrete owed Cherokee a total $45,281.69 book account contract balance. If the $28,000 payment is credited to the Whiting-Turner Navy Project and not Kent County, then the Newport balance is $5,284.20, and the Kent County balance is $32,591.50. If the $28,000 payment is credited to Kent County then the Newport balance is $33,284.20 and the Kent County balance is $4,591.50. Regardless of any explanation(s) falsely and fraudulently proffered by the Capital City Counterclaim Defendants, Capital City Concrete continues to owe Cherokee a total $45,281.69 book account contract balance that has been owed, due and payable since on or before November 30, 2004.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

9. Despite Cherokee's timely demands for payment, Capital City Concrete has failed or refused to pay the $45,281.69 balance owed with respect to Cherokee's completed, timely and workmanlike performance of its specified work on the five (5) listed projects.

10. Cherokee stands entitled to prompt payment of the $45,281.69 balance owed by Capital City Concrete.

11. Capital City Concrete has no legitimate basis for refusing to pay Cherokee the $45,281.69 balance owed.

12. There is a complete absence of any justiciable issue of either fact or law concerning Capital City Concrete's $45,281.69 contract book account contract debt owed to Cherokee, and, as a matter of law, Cherokee stands entitled to an award of its reasonable attorneys fees, costs and interest pursuant to R.I.G.L. § 9-1-45.

13. During the summer of 2004, Capital City Concrete offered various false and fraudulent excuses to Cherokee for failing to sooner pay the $32,591.50 contract balance that Capital City Concrete owed for Cherokee's completed, timely and workmanlike performance of its specified work on the Kent County Courthouse Parking Garage project, but at no time prior to August 12, 2004 had the Capital City Concrete Counterclaim Defendants ever disputed Cherokee's right to full payment of the $32,591.50 owed for Cherokee's construction services and materials as required by the Capital City Counterclaim Defendants regarding the Kent County Courthouse Parking Garage project.

14. On information and belief while the Capital City Concrete Counterclaim Defendants offered various false and fraudulent excuses to Cherokee for failing to sooner pay the $32,591.50 contract balance that Capital City Concrete owed for Cherokee's completed, timely and

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

workmanlike performance of its specified work on the Kent County Courthouse Parking Garage project, Capital City Concrete had obtained full payment for Cherokee's work worth $32,591.50 (less 10% retainage) by falsely representing to the general contractor for the Kent County Parking Garage that Capital City Concrete had duly made payment to all lower-tier subcontractors and suppliers including Cherokee.

15. Angered by gossip and one or more related payment complaints from Cherokee pertaining to Counterclaim Defendant DeRobbio's alleged purchase of a new Porsche for her husband Albert J. DeRobbio, Jr., on August 12, 2004, Counterclaim Defendant DeRobbio called Cherokee and left two disparaging voice mail messages, telling one of Cherokee's principals, Joseph Ricci that he was not a man using the following words:

> Joey, Lori DeRobbio, I'm not surprised you're not answering the phone because basically I realize you're not a man enough to answer the phone and speak to someone. You like to be a little boy and run around [and] talk behind somebody's back. Let me tell you something Joe, you cost me money, you guys just cost me a lot of money. NOW, I'm gonna go do what I have to do, and then maybe, I'll buy another car, and after that, maybe I'll go on vacation, and, maybe, I'll buy my husband a new Rolex. How's that? Now you can HAVE something to talk about. Because NOW I've HAD IT witch you and your big mouth and your bullshit. Because you're not a man and you don't even know what being a man is all about. Now I am going to have some fun with you. NOW, you're NOT going to get paid.

16. Counterclaim Defendant DeRobbio called back on August 12, 2004 to record a second message, the Capital City Counterclaim Defendants' first false and fraudulent explanation that would be provided to Cherokee for withholding payment of the $32,591.50 balance owed to Cherokee by Capital City Concrete for Cherokee's construction services and materials provided for the Kent County Courthouse Parking Garage project, stating:

> Bye the way Joe, I forgot to leave this part out. I forgot I left this out. You guys owe me legal fees. On top of everything else, and I have to do things

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

repaired from all the crap work that you left me at the [Kent County Courthouse] parking garage. So after I fix all that stuff, I may have to [inaudible] on top of everything else. So now you can have a big mouth, and you can have something to actually to talk about. The bullshit that you have been telling people. This is the thanks that I get for sticking my neck out for your company, you and your partner, who I happened to have had a long conversation with last night, and told me everything was fine, but that's alright, no problem, and, by the way, 641-6301 that's my number should you have the audacity to call me. 275-0900 that's my office number. 108 Phoenix Avenue is where I'm located, which is not very far from your office. We still haven't seen you yet buddy, don't think I'll see you, because you're not a man.

17. The Capital City Concrete Counterclaim Defendants falsely and fraudulently retained the $32,591.50 in contract payments that Capital City Concrete secured and retained with respect to the Kent County Courthouse Parking Garage project, and used and invested the $32,591.50 thereby fraudulently retained by the Capital City Concrete Counterclaim Defendants to operate Capital City Concrete, as an on-going enterprise, and invested the $32,591.50 thereby fraudulently retained to acquire an interest in new construction project enterprises, and to invest in and operate new construction project enterprises, such enterprises included, without limitation, both Capital City Concrete and the Whiting-Turner Navy Project.

18. As a fraudulent inducement to cause Cherokee to provide specified concrete work and materials on the behalf of Capital City Concrete with respect to Capital City Concrete's Whiting-Turner Navy project, and in order to obtain additional things of value from Cherokee under false pretenses, specifically more valuable contracting services and materials from Cherokee under false pretenses without full or timely payment, Capital City Concrete fraudulently misrepresented to Cherokee that if Cherokee performed the new work required by Capital City Concrete's Whiting-Turner Navy project, then Capital City would pay Cherokee in full, not only for the new work required on the Whiting-Turner Navy project, but that Capital City Concrete would also finally



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

make belated payment to Cherokee for the unpaid and aging $32,591.50 contract balance that Capital City Concrete owed to Cherokee for the Kent County Courthouse Parking Garage project.

19. At the time Capital City Concrete promised to pay Cherokee for its completed work on the Kent County Courthouse Parking Garage on the condition that Cherokee perform the new work required for the Whiting-Turner Navy project, Capital City Concrete had no intention of paying Cherokee, but rather Capital City Concrete made this new fraudulent promise for the purpose of obtaining under false pretenses additional valuable construction services and construction materials from Cherokee without full or timely payment for the amounts earned by Cherokee on the Kent County Courthouse Parking Garage or to be earned by Cherokee in provide the new construction services and new construction materials required by the Capital City Concrete Counterclaim Defendants for the Whiting-Turner Navy project.

20. During November 2004, Cherokee duly provided the new construction services and materials required by Capital City Concrete with respect to the Whiting-Turner Navy project in reasonable reliance on the fraudulent and material misrepresentations that Capital City Concrete would finally pay Cherokee the unpaid $32,591.50 contract balance that Capital City Concrete owed Cherokee for the Kent County Courthouse Parking Garage project and that the Capital City Concrete Counterclaim Defendants would timely pay Cherokee for new construction services and materials to be supplied by Cherokee for the Whiting-Turner Navy Project.

21. Shortly after Cherokee completed its new work on the Whiting-Turner Navy project, Cherokee presented Capital City Concrete an invoice dated November 30, 2004 in the amount of $33,284.20 with respect to the construction services and materials that Cherokee duly completed on the Whiting-Turner Navy project during November 2004. Thereafter, Cherokee

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

awaited Capital City Concrete's payment for both the Kent County Courthouse Parking Garage project and the Whiting-Turner Navy project as promised by the Capital City Counterclaim Defendants.

22. After Cherokee provided the construction services and materials that Capital City Concrete required with respect to the Whiting-Turner Navy project, Capital City Concrete thereupon owed Cherokee a combined balance of $65,875.70 (the $32,591.50 aging Kent County Courthouse Parking Garage balance and $33,284.20 amount invoiced on November 30, 2004 for the new Whiting-Turner Navy work that Cherokee performed in November 2004).

23. In purposeful repudiation of Capital City Concrete's false and fraudulent promises to pay Cherokee both the $32,591.50 aging balance on the Kent County Courthouse Parking Garage and the $33,284.20 amount invoiced on November 30, 2004 for the new work Cherokee performed in November 2004 on the Whiting-Turner Navy project, not until January 24, 2005 did Capital City Concrete finally make any payment to Cherokee, a partial payment only in the amount of $28,000, an amount less than one half of what Capital City Concrete then owed to Cherokee.

24. According to the terms of the parties' agreement, the partial $28,000 payment made on January 24, 2005 reduced Capital City Concrete's $32,591.50 balance on the Kent County Courthouse Parking Garage down to $4,591.50. That $4,591.50 aging balance combined with the $33,284.20 that Cherokee invoiced for the new work on the Whiting-Turner Navy project, left a combine balance of $37,875.20 with respect for Cherokee's work on the Kent County/Whiting-Turner Navy projects, with an additional aging book account contract balance of $7,405.99 regarding the parties' three (3) other contracts the Masie Quinn Pump Station project

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

($3,708.25), the West Warwick Sewer Plant project ($2,822.37), and the Travelers Aid & YMCA project ($875.37).

25. As part of the Capital City Concrete Counterclaim Defendants' false and fraudulent plan to obtain additional things of value from Cherokee under false pretenses, specifically more valuable contracting services and materials from Cherokee under false pretenses without full or timely payment, when Counterclaim Defendant DeRobbio gave Fresolone the $28,000 partial payment on January 24, 2005, Counterclaim Defendant DeRobbio told Fresolone that the payment was a partial payment against the amount that Capital City Concrete owed to Cherokee with respect to the Kent County Courthouse Parking Garage project.

26. The January 24, 2005 partial payment in the amount of $28,000 was the only payment that Capital City Concrete ever made to Cherokee after Cherokee agreed to start the new work required by Capital City Concrete for the Whiting-Turner Navy project.

27. During February 2005, Cherokee repeatedly demanded that Capital City Concrete pay Cherokee the remaining $37,875.70 combined contract balance owed for its work on the Kent County Courthouse Parking Garage project and the Whiting-Turner Navy Project.

28. During February 2005, Capital City Concrete advised Cherokee that Capital City would never pay Cherokee any of the money that Capital City Concrete continued to owe to Cherokee and threatened Fresolone with bodily harm if Cherokee continued its efforts to secure payment for the unpaid contract book account balances that Capital City Concrete continue to owe Cherokee. On February 13, 2005, the business partner, employee, associate and/or spouse of Counterclaim Defendant DeRobbio, Albert DeRobbio, Jr., called Cherokee, as the agent or



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

alter ego of Capital City Concrete, and left a threatening and disparaging voice mail message that stated words to the effect:

> Louie ! Listen to me! It backfired on you today with that guy Andrew [Natale of Whiting -Turner] because he had our cancelled check. Listen to me! You are NEVER getting paid. As a matter of fact, you owe me 20-grand ($20,000) in lawyer fees, and I WILL collect it. Because I am going to go see your friend MURPHY, who happens to be my friend too. You got it? Listen to me. I am never, never, never, going to pay you. As a matter of fact, I am going to go buy a Corvette with yours and Joey's money. You're just a ding-dong dickhead. Listen to this. If you ever bad mouth me again - remember what you did to that kid in the corner? It will be worse on you, you stupid fucking whore mother fucker.

29. During March 2005, Albert DeRobbio, Jr., called Cherokee, as the agent or alter ego of Capital City Concrete, and left a threatening and disparaging voice mail message that stated words to the effect that Fresolone and Fresolone's family would suffer great bodily harm if Cherokee or Fresolone continued their efforts to secure payment for the unpaid contract book account balances that Capital City Concrete continue to owe Cherokee.

30. Because Capital City Concrete declared its intention to make no more payments with respect to the remaining $37,875.70 balance due and owing to Cherokee with respect to the Kent County Courthouse Parking Garage/Whiting-Turner Navy project combined balance, Cherokee contacted Whiting-Turner personnel to determine the status of payment for Cherokee's work and thereupon obtained from Whiting-Turner personnel on or about February 28, 2005 a copy of the "Partial Waiver and Release" that is attached to the putative Verified Complaint in this action as Verified Complaint Exhibit A.

31. Paragraph 12 of the putative Verified Complaint in this action, in pertinent part provides the following sworn explanation concerning the fraudulent creation of Verified Complaint Exhibit A: "On or about November 27, 2004, Capital City submitted to Whiting-Turner a Partial

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Waiver and Release For Second-Tier Subcontractors and Suppliers (the 'Partial Waiver and Release') which had been executed by Fresolone and notarized by [putative plaintiff] DeRobbio. A copy of the Partial Waiver and Release is annexed hereto as Exhibit A." See Verified Complaint Exhibit A.

32. Paragraph 17 of the putative Verified Complaint in this action, in pertinent part alleges: "Upon information and belief, in late February 2005, representatives of Whiting-Turner presented to Fresolone the Partial Release and Waiver. Upon information and belief, Fresolone told the representatives at Whiting-Turner that the signature that appeared in the Partial Release was not his signature and that Check No. 426 represented payment on a different project."

33. Paragraph 13 of the putative Verified Complaint in this action, in pertinent part swears that: "Under Capital City's agreement with Cherokee, Capital City was entitled to maintain 10% retainage."

34. Paragraph 14 of the putative Verified Complaint in this action, in pertinent part swears that: "On or about January 24, 2005, Fresolone went to the offices of Capital City and picked up Check No. 426 in the amount of $28,000 on account of the Invoice, representing a partial payment of the actual contracted work on the [Whiting Turner Navy Project] and did not include any payment on account of the claimed holiday hours [on Veterans Day November 11, 2004] as they could not be verified."

35. The standard "blanket lien waiver" text included in the first full paragraph of the standard Whiting-Turner "Partial Waiver and Release For Second-Tier Subcontractors and Suppliers" dated November 27, 2004 includes the following below-quoted representations and blanket waivers that Cherokee would never have signed (without a suitable reservation of rights)

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

in November or December 2004 (or any time thereafter) without prior or contemporaneous payment from Capital City Concrete in the full amount of $65,875.70 owed to Cherokee for the combined balance due on the Kent County Courthouse Parking Garage and Whiting-Turner Navy project :

> The undersigned Company [Cherokee], as subcontractor or supplier to the Subcontractor named above [Capital City Concrete], and hereinafter referred to as the 'Company', in consideration of <u>the payment previously received</u> and in consideration of <u>payment for the work performed though the current date set forth below</u> [November Requisition – Invoice I], hereby waives and releases all mechanics', materialman's, or other liens, and to the fullest extent permitted by law, all rights to file any such liens in the future, and all claims and demands against the Owner, the General Contractor and the real property on which the Project is located, and <u>any claims arising out of the work</u>, labor, services, equipment or materials, performed or furnished by the Company, its subcontractors and suppliers, <u>in connection with the Project, through the period covered by the current invoice</u>.

Verified Complaint Exhibit A. [Emphasis added in this Counterclaim by underlining].

36. The 'Partial Waiver and Release' that the Capital City Concrete Counterclaim Defendants have repeatedly transmitted first to Whiting-Turner, then to Cherokee's counsel, then to this Honorable Court as Verified Complaint Exhibit A bears the date November 27, 2004 and includes the following knowingly false and fraudulent material misrepresentations that Capital City Concrete Counterclaim Defendants have repeatedly made for knowingly false, fraudulent and intentionally wrongful purposes:

a) That Fresolone had signed the 'Partial Waiver and Release' (see Verified Complaint Exhibit A);

b) That on or before November 27, 2004 Capital City Concrete had paid the full $33,284.20 amount specified on Cherokee's November 30, 2004 Invoice for the work



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Cherokee performed on the Whiting-Turner Navy project (see Verified Complaint Exhibit A);

c) That with respect to Capital City Concrete's alleged full payment to Cherokee for Cherokee's November 30, 2004 invoice in the amount of $33,284.20, that Capital City Concrete withheld, deducted or took no "retainage." (Under the heading "List [payment] exceptions, if any", the following entry was made "10% retainage - None" with the words "10% retainage" stricken out with a line drawn through the words ("10% Retainage") (see Verified Complaint Exhibit A).

37. Demonstrating false, fraudulent and material character of the misrepresentations made by Capital City Concrete identified in the immediately preceding paragraph, Exhibit A to the Verified Complaint bears the following badges of fraud:

a) Fresolone never signed the "Partial Waiver and Release";

b) Fresolone is misspelled "F-R-E-S-E-L-O-N-E" without any handwritten correction;

c) The November 27, 2004 "Partial Waiver and Release" falsely purports to pay Cherokee's November Requisition that was not prepared until after November 27, 2004 on or about November 30, 2004;

d) November 27, 2004 was the Saturday of the Thanksgiving holiday weekend, and on that holiday weekend Fresolone did not see Counterclaim Defendant DeRobbio, the notary named on the November 27, 2004 "Partial Waiver and Release", and did not conduct any business at all that weekend with Capital City Concrete;

e) Unless executed as part of a contemporaneous trade and exchange made to secure a commensurate payment, at the end of November (or any time thereafter)



True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Fresolone would never have signed a blanket waiver of all claims against Capital City Concrete, or acknowledge full and final payment from Capital City Concrete, when the amount that Capital City Concrete then owed to Cherokee was a combined balance of $65,875.70 (the $32,591.50 aging Kent County Courthouse Parking Garage balance and the $33,284.20 amount invoiced on November 30, 2004 for the Whiting-Turner Navy work);

f) Capital City Concrete made absolutely no payment on or before November 27, 2004. There is no way for Capital City Concrete to justify or explain the claimed 'full payment' falsely and fraudulently reported to Whiting-Turner on the November 27, 2004 "Partial Waiver and Release." Paragraph 14 of the putative Verified Complaint in this action, dates the only payment as being delayed from November 27, 2004 until January 24, 2005, and admits that it was only a partial payment in the amount of $28,000, not full payment of the $33,284.20 amount invoiced on November 30, 2004 for the Whiting-Turner Navy work;

g) Paragraph 14 of the putative Verified Complaint in this action, further contradicts the false and fraudulent claim of "full payment" by November 27, 2004 and in pertinent part swears that: "On or about January 24, 2005, Fresolone went to the offices of Capital City and picked up Check No. 426 in the amount of $28,000 on account of the Invoice, representing a partial payment of the actual contracted work on the [Whiting Turner Navy Project] and did not include any payment on account of the claimed holiday hours [on Veterans Day November 11, 2004] as they could not be verified." The putative Verified Complaint openly contradicts itself: Verified



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Complaint Exhibit A declares that Capital City Concrete made "full payment" of Cherokee's November 30, 2004 Invoice on or before November 27, 2004 and withheld zero retainage, while Verified Complaint Paragraphs 13 and 14 offer contradictory explanations to justify Capital City Concrete's contradictory, but now admitted, refusal to make any payment until two (2) months after November 27, 2004 during January 2004 at which time Capital City Concrete refused "full payment" for the following false and fraudulent reasons: i) the withholding of a unique amount of retainage - 6.66% retainage ($2,000.00/$30,000 = .0666) and, ii) the non-payment of Veterans' Day premium pay.

h) Contradicting the false and fraudulent claim of "full payment" on or before November 27, 2004 as fraudulently claimed in Verified Complaint Exhibit A, Capital City Concrete admits it made no payment at all until January 24, 2005.

i) Contradicting the false and fraudulent claim of "full payment" on or before November 27, 2004 as fraudulently claimed in Verified Complaint Exhibit A, the Capital City Concrete Counterclaim Defendants falsely and fraudulently contradict themselves and now misuse the Verified Complaint to swear that when partial payment was made two months after-the-fact, the Capital City Concrete withheld payment due to issues regarding Veterans' Day premium time;

j) Contradicting the false and fraudulent claim of "full payment" on or before November 27, 2004 as fraudulently claimed in Verified Complaint Exhibit A, the Capital City Concrete Counterclaim Defendants falsely and fraudulently contradict themselves and now misuse the Verified Complaint to swear that when partial payment was



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

made two months after-the-fact, the Capital City Concrete withheld retainage ate the rate of 6.666% and misuse the Verified Complaint to provide a contradictory, absurd, fraudulent and unworkable explanation regarding the computation of retainage at the unique and unbelievable and unique rate of 6.66% rather than the standard 10% or 5% retainage rates. Capital City Concrete's sworn averments that compute retainage at 6.66% rather than the standard 10% or 5% retainage rates make no sense and falsely and fraudulently contradict the "full payment" allegations included in Verified Complaint Exhibit A and plainly violate the Rule 11 standards applicable to this action as pertains to both the Capital City Concrete Counterclaim Defendants and/or their counsel;

k) Paragraph 13 of the putative Verified Complaint in this action, in pertinent part swears to an additional material misrepresentation that further contradicts Exhibit A: "Under Capital City's agreement with Cherokee, Capital City was entitled to maintain 10% retainage." Ten percent of no payment is zero and Verified Complaint Exhibit A falsely declares that there were no exceptions to full and final payment: "10% retainage- None." (See Verified Complaint Exhibit A: Under the heading "List [payment] exceptions, if any", the following entry was made "10% retainage - None" with the words "10% retainage" stricken out with a line drawn through the words ("10% Retainage"); and

l) Contradicting the sworn statements set forth with respect to Verified Complaint Exhibit A, Capital City Concrete had paid Cherokee nothing for the Whiting-Turner Navy project on or before November 27, 2004, and had no legitimate basis

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

for providing Verified Complaint Exhibit A to Whiting-Turner, to Cherokee's counsel, or to this Honorable Court as part of the putative Verified Complaint in this action that constitutes and actionable abuse of process and a patent violation of the Rule 11 pleadings standards applicable to this action.

38. The Capital City Concrete Counterclaim Defendants first presented Verified Complaint Exhibit A to Whiting-Turner, then to Cherokee's counsel, and then to this Honorable Court, to rob and defraud Cherokee and to falsely, fraudulently and extortionately deny, delay, discount, decrease, defeat, complicate, frustrate, confuse and conceal Cherokee's right to prompt and full payment of $73,281.69 (less the $28,000 partial payment belatedly made on January 24, 2005) for the following book account contract balances: the Whiting-Turner Navy Project ($33,284.20), the Kent County Courthouse Parking Garage project ($32,591.50), the Masie Quinn Pump Station project ($3,708.25), the West Warwick Sewer Plant project ($2,822.37), and the Travelers Aid & YMCA project ($875.37).

39. When the Capital City Concrete Counterclaim Defendants learned that Cherokee's counsel was demanding payment and information, first from Capital City Concrete Counterclaim Defendants, and then from Whiting-Turner, it is alleged, on information and belief, that attorneys for the Capital City Concrete Counterclaim Defendants, to wit, Attorneys Stephen M. Brusini and Theodore Orson, in the name of Capital City Concrete and DeRobbio, reacted by causing two or more letters, attached to the Complaint as Exhibit D, to be sent to Whiting-Turner that also named Cherokee, Fresolone and Kirwan. The individual statements, hearsay quotations, arguments, assertions, characterizations and demands included in the letters that Attorneys Stephen M. Brusini and Theodore Orson caused to be sent to Whiting-Turner are either erroneous, mistaken, inaccurate,

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

misleading, self-serving, presented out of context, false, made in reckless disregard of the truth, or as the result of having negligently failed to ascertain the truth.

40. The letters dated March 30, 2005 and April 8, 2005 that Attorneys Stephen M. Brusini and Theodore Orson caused to be sent to Whiting-Turner rely upon and vouch for the accuracy and authenticity of Verified Complaint Exhibit A, and constituted demands that Cherokee and its counsel vouch for the accuracy and authenticity of Verified Complaint Exhibit A, demands that could not be satisfied under the circumstances by Cherokee or its counsel due to the false and fraudulent character of Verified Complaint Exhibit A and the various false and fraudulent purposes for which Verified Complaint Exhibit A had been used and disseminated.

41. In reply to the March 30, 2005 and April 8, 2005 demand letters that Attorneys Stephen M. Brusini and Theodore Orson communicated to Whiting-Turner, the response from Cherokee and its counsel Kirwan was a counter-demand for a meeting between Cherokee and Capital City Concrete with counsel, or just involving the parties' counsel, to resolve all contract accounting and other disputes to enable Cherokee and Capital City to promptly resolve their disputed contract accounting in order to get earned money into the hands of the proper party, the Cherokee Defendants.

42. For the purpose of falsely, fraudulently and extortionately denying, delaying, discounting, decreasing, defeating, complicating, frustrating, confusing and concealing Cherokee's right to prompt and full payment of $73,281.69 (less the $28,000 partial payment belatedly made on January 24, 2005), the Capital City Concrete Counterclaim Defendants never responded to the request for a problem-solving meeting between Cherokee and Capital City, but rather, instead, commenced this baseless action as an abuse of process, inter alia, to frustrate Cherokee's right to full

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and prompt payment and to punish and further intimidate Cherokee for attempting to enforce its contractual, statutory and common law legal rights and entitlements and to frustrate Cherokee's selection of its choice of counsel.

COUNT I
(Breach of Contract--Capital City Concrete)

43. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

44. Counterclaim Defendant Capital City Concrete and Counterclaim Plaintiff Cherokee were parties to a series of binding contracts, qua subcontracts, including the five (5) listed projects: the Whiting-Turner Navy project, the Kent County Courthouse Parking Garage project, the Masie Quinn Pump Station project, the West Warwick Sewer Plant project, and the Travelers Aid & YMCA project, that required Cherokee to provide construction services and materials labor and that required Capital City Concrete to pay Cherokee in an honest and timely manner.

45. Counterclaim Defendant Capital City Concrete has materially breached each of the parties' contracts and has damaged Cherokee by failing or refusing to pay Counterclaim Plaintiff Cherokee the net balance owed to Counterclaim Plaintiff Cherokee in the amount of $44,281.69 for unpaid construction services and materials provided in performance of the subcontract agreements between Counterclaim Defendant Capital City Concrete and Counterclaim Plaintiff Cherokee, including the five (5) listed projects.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

COUNT II

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

(Breach of the Implied Covenant of Good Faith and Fair Dealing--Capital City Concrete)

46. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

47. Counterclaim Defendant Capital City Concrete and Counterclaim Plaintiff Cherokee were parties to a series of binding contracts, qua subcontracts, including the five (5) listed projects: the Whiting-Turner Navy project, the Kent County Courthouse Parking Garage project, the Masie Quinn Pump Station project, the West Warwick Sewer Plant project, and the Travelers Aid & YMCA project, that required Cherokee to provide construction services and materials labor and that required Capital City Concrete to pay Cherokee in an honest and timely manner.

48. Counterclaim Plaintiff Cherokee fulfilled all contract duties owed to Counterclaim Defendant Capital City Concrete with respect to each of the parties' series of contracts and Counterclaim Defendant Capital City Concrete has breached the implied covenant of good faith and fair dealing and has caused Counterclaim Plaintiff Cherokee to suffer damages by failing or refusing to timely pay the full amounts due Counterclaim Plaintiff Cherokee.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

COUNT III

(Unjust Enrichment/Quantum Meruit–Capital City Concrete)

49. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

50. Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete and had a reasonable expectation of full and timely payment for those construction services and materials.

51. Counterclaim Defendant Capital City Concrete has failed or refused to pay Counterclaim Plaintiff Cherokee the construction services and materials provided to Counterclaim Defendant Capital City Concrete.

52. Counterclaim Defendant Capital City Concrete benefited from and has been unjustly enriched by the construction services and materials provided by Counterclaim Plaintiff Cherokee to Counterclaim Defendant Capital City Concrete.

53. As a direct and proximate result, Counterclaim Plaintiff Cherokee has been damaged in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

COUNT IV
(Book Account–Capital City Concrete)

54. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

55. Pursuant to the terms of their contract, Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete in reasonable reliance on the parties' agreements and Counterclaim Defendant Capital City Concrete agreed to pay Counterclaim Plaintiff Cherokee for the unpaid construction services and materials as invoiced.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

56. Counterclaim Defendant Capital City Concrete has baselessly failed or refused to pay the amounts due Counterclaim Plaintiff Cherokee for the construction services and materials provided to Counterclaim Defendant Capital City Concrete and Counterclaim Plaintiff Cherokee is due at least $44,281.69, plus interest thereon, attorneys' fees and costs..

57. As a direct and proximate result, Counterclaim Plaintiff Cherokee has been damaged in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

COUNT V
(Breach Of Fiduciary Duty / Constructive Trust / Equitable Accounting
-Capital City Concrete Counterclaim Defendants)

58. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

59. Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete and had a reasonable expectation of full and timely payment for those construction services and materials.

60. Because Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete, contractors paid sums to Counterclaim Defendant Capital City Concrete for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete, which sums as a matter of law were held in constructive trust by the Capital City Concrete Counterclaim Defendants for and on behalf of Counterclaim Plaintiff Cherokee with the Capital City Concrete Counterclaim

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Defendants standing as the fiduciaries to Counterclaim Plaintiff Cherokee with respect to all funds paid to the Capital City Concrete Counterclaim Defendants for the construction services and materials that Counterclaim Plaintiff Cherokee provided to the Capital City Concrete Counterclaim Defendants.

61. By virtue of the course of dealings between Counterclaim Plaintiff Cherokee and the Capital City Concrete Counterclaim Defendants, the Counterclaim Capital City Concrete Counterclaim Defendants stood as a fiduciaries to Counterclaim Plaintiff Cherokee with respect to all funds paid to Capital City Concrete Counterclaim Defendants for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete.

62. The Capital City Concrete Counterclaim Defendants purposefully breached the fiduciary duties that they owed to Counterclaim Plaintiff Cherokee with respect to all funds paid to the Capital City Concrete Counterclaim Defendants for the construction services and materials that Counterclaim Plaintiff Cherokee provided to the Capital City Concrete Counterclaim Defendants abused its position of trust and confidence; and, for their own interests, acted on their own account in violation of the duties owed to Counterclaim Plaintiff Cherokee.

63. By virtue of the course of dealings between Counterclaim Plaintiff Cherokee and the Capital City Concrete Counterclaim Defendants, by virtue of the status of the Capital City Concrete Counterclaim Defendants as fiduciaries to Counterclaim Plaintiff Cherokee with respect to all funds paid to the Capital City Concrete Counterclaim Defendants for the construction services and materials that Counterclaim Plaintiff Cherokee provided to the Capital City Concrete Counterclaim Defendants, and with respect to all funds paid to the Capital City Concrete Counterclaim

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Defendants for the construction services and materials that Counterclaim Plaintiff Cherokee provided to the Capital City Concrete Counterclaim Defendants, a constructive trust as a matter of law arose with respect to all such funds, regarding repayment to the Counterclaim Plaintiff Cherokee, together with all profits and funds derived therefrom by virtue of the Capital City Counterclaim Defendants' retention, use or investment of any such funds.

64. By virtue of the course of dealings between Counterclaim Plaintiff Cherokee and the Counterclaim Capital City Concrete Counterclaim Defendants, by virtue of the status of the Capital City Concrete Counterclaim Defendants as fiduciaries to Counterclaim Plaintiff Cherokee with respect to all funds paid to Counterclaim Defendant Capital City Concrete for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete, Counterclaim Plaintiff Cherokee stands entitled to an equitable accounting for which the Capital City Counterclaim Defendants Capital City Concrete Counterclaim Defendants are obligated to pay any and for which the Capital City Counterclaim Defendants are obligated to provide all pertinent records and accounts.

65. As a direct and proximate result, Counterclaim Plaintiff Cherokee has been damaged in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs and an appropriate award of punitive and exemplary damages and an appropriate equitable accounting.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Capital City Concrete Counterclaim Defendants Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs and punitive and exemplary damages.

COUNT VI
(Breach of Contract, Third Party Beneficiary–Capital City Concrete)

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

66. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

67. Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete and had a reasonable expectation of full and timely payment for those construction services and materials.

68. Because Counterclaim Plaintiff Cherokee provided construction services and materials to Counterclaim Defendant Capital City Concrete, general contractors paid sums to Counterclaim Defendant Capital City Concrete for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete.

69. On information and belief, with respect to all or some of the funds paid by general contractors paid sums to Counterclaim Defendant Capital City Concrete for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete, such general contractors obligated Counterclaim Defendant Capital City Concrete to very under oath that all sums paid to Counterclaim Defendant Capital City Concrete for and on behalf of Counterclaim Plaintiff Cherokee were thereupon (or previously) duly paid to Counterclaim Plaintiff Cherokee by Counterclaim Defendant Capital City Concrete, with the Capital City Counterclaim Defendants executing verified partial lien waivers or final lien waivers swearing that Counterclaim Defendant Capital City Concrete has duly paid Counterclaim Plaintiff Cherokee for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete.

70. Such verified partial lien waivers or final lien waivers by the Counterclaim Defendant Capital City Concrete constituted contracts between Counterclaim Defendant Capital

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

City Concrete and the general contractors that the general contractors were making payment to Counterclaim Defendant Capital City Concrete on the condition that Capital City Concrete had made full and timely payment to Cherokee for the construction services and materials that Counterclaim Plaintiff Cherokee provided to Counterclaim Defendant Capital City Concrete with respect to each such project.

71. As a matter of law Counterclaim Plaintiff Cherokee stands as a third party beneficiary of such verified partial lien waivers or final lien waivers that Counterclaim Defendant Capital City Concrete breached by failing or refusing to disperse to Counterclaim Plaintiff Cherokee the payments received Counterclaim Defendant Capital City Concrete from general contractors because the Capital City Counterclaim Defendants had provide to general contractors sworn, executer verified partial lien waivers or final lien waivers swearing that Counterclaim Defendant Capital City Concrete has duly paid Counterclaim Plaintiff Cherokee for the subject construction services and materials thereupon duly paid for by the general contractors to Counterclaim Defendant Capital City Concrete.

72. As a direct and proximate result, Counterclaim Plaintiff Cherokee has been damaged in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $44,281.69, plus interest thereon, attorneys' fees and costs and punitive and exemplary damages.

COUNT VII
(Fraud And Misrepresentation – Capital City Concrete Counterclaim Defendants)
(The Kent County Parking Garage Balance and the New Whiting-Turner Work and Materials)

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

73. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

74. The Capital City Concrete Counterclaim Defendants falsely and fraudulently retained the $32,591.50 in contract payments that Capital City Concrete secured and retained with respect to the Kent County Courthouse Parking Garage project based upon the construction services and materials supplied by Cherokee on behalf of Capital City Concrete, and refused to pay that balance to Cherokee by falsely and fraudulently claiming that Cherokee had caused the Capital City Concrete Counterclaim Defendants to incur substantial attorneys fees and substantial repair costs with respect to Cherokee's construction services and materials supplied to Capital City Concrete and for the Kent County Courthouse Parking Garage.

75. As a fraudulent inducement to cause Cherokee to provide specified concrete work and materials on the behalf of Capital City Concrete with respect to Capital City Concrete's Whiting-Turner Navy project, and in order to obtain additional things of value from Cherokee under false pretenses, specifically more valuable contracting services and materials from Cherokee under false pretenses without full or timely payment, Capital City Concrete fraudulently misrepresented to Cherokee that if Cherokee performed the new work required by Capital City Concrete's Whiting-Turner Navy project, then Capital City would pay Cherokee in full, not only for the new work required on the Whiting-Turner Navy project, but that Capital City Concrete would also finally make belated payment to Cherokee for the unpaid and aging $32,591.50 contract balance that Capital City Concrete owed to Cherokee for the Kent County Courthouse Parking Garage project.

76. At the time Capital City Concrete promised to pay Cherokee for its completed work on the Kent County Courthouse Parking Garage on the condition that Cherokee perform the new



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

work required for the Whiting-Turner Navy project, Capital City Concrete had no intention of paying Cherokee, but rather Capital City Concrete made this new fraudulent promise for the purpose of obtaining under false pretenses additional valuable construction services and construction materials from Cherokee without full or timely payment for the amounts earned by Cherokee on the Kent County Courthouse Parking Garage or to be earned by Cherokee in providing the new construction services and new construction materials required by the Capital City Concrete Counterclaim Defendants for the Whiting-Turner Navy project.

77. During November 2004, Cherokee duly provided the new construction services and materials required by Capital City Concrete with respect to the Whiting-Turner Navy project in reasonable reliance on the fraudulent and material misrepresentations that Capital City Concrete would finally pay Cherokee the unpaid $32,591.50 contract balance that Capital City Concrete owed Cherokee for the Kent County Courthouse Parking Garage project and that the Capital City Concrete Counterclaim Defendants would timely pay Cherokee for the new construction services and materials to be supplied by Cherokee for the Whiting-Turner Navy Project.

78. After Cherokee provided the construction services and materials that Capital City Concrete required with respect to the Whiting-Turner Navy project, the Capital City Concrete Counterclaim Defendants thereupon repudiated their false and fraudulent promises to pay Cherokee both the $32,591.50 aging balance on the Kent County Courthouse Parking Garage and the $33,284.20 amount invoiced on November 30, 2004 for the new work Cherokee performed in November 2004 on the Whiting-Turner Navy project.

79. As a proximate result of the fraud and misrepresentations of the Capital City Concrete Counterclaim Defendants, Cherokee suffered substantial damages.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $45,281.69, plus interest thereon, attorneys' fees, costs and an appropriate award of punitive damages.

COUNT VIII
(Fraud And Misrepresentation –Capital City Concrete Counterclaim Defendants)
(Verified Complaint Exhibit A–The Falsified Partial Lien Waiver Provided to Whiting-Turner)

80. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

81. To secure valuable progress payments from Whiting-Turner without having to timely pay Cherokee, Counterclaim Defendant Capital City Concrete fraudulently created Verified Compliant Exhibit A, presented it to Whiting-Turner and misrepresented to Whiting-Tuner that on or before November 24, 2004 Capital City Concrete had paid Cherokee in full for the amount invoiced by Cherokee on its November 2004 requisition.

82. As presented to Whiting-Turner, Verified Complaint Exhibit A falsely and fraudulently reported to Whiting Turner that on November 27, 2004 Fresolone duly executed Verified Complaint Exhibit A, that on or before November 27, 2004 Capital City Concrete had paid Cherokee in full for the amount invoiced by Cherokee on its November 2004 requisition, and that Capital City Concrete had paid Cherokee in full for the amount invoiced by Cherokee on its November 2004 requisition without taking any retainage.

83. As a proximate result of the fraud and misrepresentations of the Capital City Concrete Counterclaim Defendants, Cherokee suffered substantial damages.

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Counterclaim Defendant Capital City Concrete, in the amount of $45,281.69, plus interest thereon, attorneys' fees, costs and an appropriate award of punitive damages.

COUNT IX
(R.I. Gen. Laws §7-15-4–Capital City Concrete Counterclaim Defendants)

84. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

85. As alleged in paragraph 19 of the putative Verified Complaint:

> Forgery is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-117-1, punishable for a period of not more than ten (10) years or by a fine of not more than $1,0000.00 or both. Obtaining property [or other thing of value] under false pretenses is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-41-4, punishable by imprisonment for a period of not more than ten (10) years or by a fine of not more than $5,000.00 or both.

86. Extortion by verbal malicious threat of any injury to the person, reputation, property, or financial condition of another to extort money or any unlawful pecuniary advantage with intent to compel any person to do any act against his will is a criminal offense prohibited by R.I.G.L. §11-42-2, punishable by imprisonment for a period of not more than fifteen (15) years or by a fine of not more than $25,000.00 or both.

87. One or more actions and/or communications of the Capital City Concrete Counterclaim Defendants complained of herein violated R.I.G.L. §§ 11-17-11, 11-41-4, and/or 11-42-2 and constituted racketeering activity within the meaning of R.I. Gen. Laws §7-15-4 because such actions involve larceny, forgery and/or extortion.

88. Capital City Concrete and one or more construction projects in which the Capital City Concrete Counterclaim Defendants invested or operated, including without limitation the



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Whiting-Turner Navy project, each constituted an "enterprise" within the meaning of R.I.G.L. §7-15-1 (c).

89. In violation of R.I.G.L § 7-15-2(a), one or more actions and/or communications of the Capital City Concrete Counterclaim Defendants complained of herein that violated R.I.G.L. §§ 11-17-11, 11-41-4, and/or 11-42-2 were wrongfully and purposefully used and exploited by the Capital City Concrete Counterclaim Defendants to obtain, acquire, retain, control, use and invest the $32,591.50 fraudulently obtained from Cherokee with respect to the Kent County Courthouse Parking Garage project, to operate Capital City Concrete, as an on-going enterprise, and to invest the $32,591.50 thereby fraudulently obtained from Cherokee to acquire an interest in new construction project "enterprises" as defined by R.I.G.L. §7-15-1 (c), and to invest in and operate such construction project "enterprises," including without limitation, both Capital City Concrete and the Whiting-Turner Navy Project.

90. In violation of R.I.G.L § 7-15-2(a), one or more actions and/or communications of the Capital City Concrete Counterclaim Defendants complained of herein that violated R.I.G.L. §§ 11-17-11, 11-41-4, and/or 11-42-2 were wrongfully and purposefully used and exploited by the Capital City Concrete Counterclaim Defendants to obtain, acquire, retain, control, use and invest the $33,284.20 fraudulently obtained from Cherokee with respect to the Whiting-Turner Navy project, to operate Capital City Concrete, as an on-going enterprise, and to use and invest the $33,284.20 thereby fraudulently obtained from Cherokee to acquire an interest in new construction project "enterprises," as defined by R.I.G.L. §7-15-1 (c), and to invest in and operate such construction project "enterprises," including without limitation, both Capital City Concrete and the Whiting-Turner Navy Project.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

91. In violation of R.I.G.L § 7-15-2(a), the Capital City Counterclaim Defendants used the $32,591.50 fraudulently obtained from Cherokee with respect to the Kent County Courthouse Parking Garage, together with the $33,284,20 fraudulently obtained from Cherokee with respect to the Whiting-Turner Navy project, to operate Capital City Concrete and the Whiting-Turner Navy Project as "enterprises" as defined by R.I.G.L. §7-15-1 (c).

92. As a direct and proximate result of the Capital City Concrete Counterclaim Defendants' violations of R.I.G.L. § 7-15-2 (a), Cherokee and Fresolone have suffered substantial damages.

93. Pursuant to R.I.G.L. § 7-15-4(c) the Capital City Concrete Counterclaim Defendants stand liable to Cherokee and Fresolone for treble the amount of their resulting damages, an amount not less than $135,845.07, plus the cost of suit, interest, and reasonable attorney's fees.

WHEREFORE, the Cherokee Counterclaim Plaintiffs demands judgment against the Capital City Concrete Counterclaim Defendants, in the amount of $135,845.07, plus interest thereon, attorneys' fees and costs.

COUNT X

(R.I. Gen. Laws §9-1-2--Capital City Concrete Counterclaim Defendants)

94. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

95. R.I.G.L. § 9-1-2, is entitled "civil liability for crimes and offenses" and provides that "Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender, and it shall not be any defense to such action that no

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

criminal complaint for the crime or offense has been made; and whenever any person shall be guilty of larceny, he or she shall be liable to the owner of the money or articles taken for twice the value thereof, unless the money or articles are restored, and for the value thereof in case of restoration.

96. As alleged in paragraph 19 of the putative Verified Complaint:

> Forgery is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-117-1, punishable for a period of not more than ten (10) years or by a fine of not more than $1,0000.00 or both. Obtaining property [or other thing of value] under false pretenses is a criminal offense in the State of Rhode Island under Rhode Island Gen. Laws Section 11-41-4, punishable by imprisonment for a period of not more than ten (10) years or by a fine of not more than $5,000.00 or both.

97. One or more actions and/or communications of the Capital City Concrete Counterclaim Defendants complained of herein violated R.I.G.L. §§ 11-17-11 and 11-41-4 constituted larceny within the meaning of R.I. Gen. Laws § 9-1-2.

98. As a direct and proximate result of the Capital City Concrete Counterclaim Defendants' violations of R.I.G.L. § 9-1-2, Cherokee and Fresolone have suffered substantial damages.

99. Pursuant to R.I.G.L. § 9-1-2, the Capital City Concrete Counterclaim Defendants stand liable to Cherokee and Fresolone for double the amount of their resulting damages, an amount not less than $135,845.07, plus the cost of suit, interest, and reasonable attorney's fees.

WHEREFORE, the Cherokee Counterclaim Plaintiffs demands judgment against the Capital City Concrete Counterclaim Defendants, in the amount of $90,563.38, plus interest thereon, attorneys' fees and costs.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

COUNT XI
(Malicious Abuse Of Process - Capital City Concrete Counterclaim Defendants)

100. Counterclaim Plaintiffs reallege and reincorporate by reference all allegations set forth in this Counterclaim as if fully restated in this paragraph.

101. The Capital City Counterclaim Defendants maliciously abuse available legal procedures to commence and litigation the putative Verified Complaint not to seek relief for alleged defamation, slander and other putative torts described in the putative complaint, but rather for following knowingly wrongful purposes that render the commencement and litigation of the putative Verified Complaint an actionable abuse of process: For the purpose of falsely, fraudulently and extortionately denying, delaying, discounting, decreasing, defeating, complicating, frustrating, confusing and concealing Cherokee's right to prompt and full payment of $73,281.69 (less the $28,000 partial payment belatedly made on January 24, 2005), to punish and retaliate against Cherokee for Cherokee's legitimate and reasonable efforts to enforce its rights and to secure payment from the Capital City Concrete Counterclaim Defendants and to frustrate Cherokee's selection of its choice of counsel.

102. As a proximate result of the Capital City Concrete Counterclaim Defendants' malicious abuse of process, the Cherokee Counterclaim Plaintiffs have suffered and shall continue to suffer substantial damages, including, inter alia, non-payment of the $45,281.69 book account contract balance owed by Capital City Concrete, compensatory damages, greatly increased attorney fee expenses based upon the need to secure new litigation counsel, plus interest thereon, attorneys' fees, costs and an appropriate award of punitive damages

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, Counterclaim Plaintiff Cherokee demands judgment against Counterclaim Defendant Capital City Concrete, in the amount of $45,281.69, plus interest thereon, attorneys' fees, costs and an appropriate award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray that this Honorable Court grant the following relief:

1. A finding that the Capital City Concrete Counterclaim Defendants stand jointly and severally liable to the Counterclaim Plaintiffs in an amount not less than $135,845.07 plus interest, attorney's fees and the costs of this action;

2. There is a complete absence of any justiciable issue of either fact or law concerning the Capital City Concrete Counterclaim Defendants $45,281.69 contract book account contract debt owed to Cherokee, and, as a matter of law, Cherokee stands entitled to an award of its reasonable attorneys fees, costs and interest pursuant to R.I.G.L. § 9-1-45.

3. A finding that Defendant Capital City Concrete Counterclaim stands liable to Plaintiff in an amount not less than $132,845.07 plus interest, attorney's fees and the costs of this action;

4. A declaratory judgment that Defendant Capital City Concrete Counterclaim breached Plaintiff's Subcontract for which both Defendant Capital City Concrete Counterclaim and Defendant Bonding Company stand joint and severally liable to Plaintiff.

5. A declaratory judgment that no justiciable issue of fact or law exists with respect to Defendant Capital City Concrete Counterclaim's breach of Plaintiff's Subcontract and that accordingly both Defendant Capital City Concrete Counterclaim and Defendant Bonding Company stand joint and severally liable to Plaintiff reasonable attorneys' fees pursuant to R.I.G.L. § 9-1-45.

6. There is a complete absence of any justiciable issue of either fact or law concerning Capital City Concrete's $45,281.69 contract book account contract debt owed to Cherokee, and, as a matter of law, Cherokee stands entitled to an award of its reasonable attorneys fees, costs and interest pursuant to R.I.G.L. § 9-1-45.

5. A finding that the Capital City Concrete Counterclaim Defendants have been unjustly enriched at the expense of the Plaintiff.

6. A finding that the Capital City Concrete Counterclaim Defendants purposefully and maliciously defrauded the Plaintiff.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

7. A finding that the Capital City Concrete Counterclaim Defendants

9. An appropriate award of damages to compensate the Plaintiff according to proof for the damages incurred as a result of the Defendants' wrongful acts identified herein.

10. An order requiring the Defendants to submit to, and to pay for, an equitable accounting to identify all sums improperly obtained from the Plaintiff and to disgorge all profits derived directly or indirectly from all such sums improperly obtained from the Plaintiff.

11. Award the Plaintiff punitive damages in an amount sufficient to punish the Defendants' purposeful and malicious fraud and wrongful misconduct and to deter such outrageous conduct in the community in the future.

12. Award Plaintiff its attorneys' fees, costs and interest pursuant to R.I.G.L. § 9-1-45, 18 U.S.C. § 1964 or R.I.G.L. § 7-15-4 (c).

13. Treble the Plaintiff's damages pursuant to 18 U.S.C. § 1964 or R.I.G.L. § 7-15-4 (c).

14. Such other and further relief, including injunctive and declaratory relief, as this Court deems just and proper.

1. A declaratory judgment that Counterclaim Defendant Capital City Concrete breached its contract with Counterclaim Plaintiff Cherokee.

2. A declaratory judgment that no justiciable issue of fact or law exists with respect to Counterclaim Defendant Capital City Concrete's breach of its contract with the Counterclaim Plaintiff Cherokee.

3. A finding that Counterclaim Defendant Capital City Concrete purposefully and maliciously defrauded the Counterclaim Plaintiff Cherokee.

4. A finding that Counterclaim Defendant Capital City Concrete willfully violated R.I.G.L. §7-15-1 et seq.

5. A finding that the Counterclaim Defendant Capital City Concrete has been unjustly enriched.

6. An appropriate award of damages to compensate the Counterclaim Plaintiff Cherokee according to proof for the damages incurred as a result of the Counterclaim Defendant Capital City Concrete's breach of the parties' contract.

7. An appropriate award of damages to compensate the Counterclaim Plaintiff Cherokee according to proof for the damages incurred as a result of the Counterclaim Defendant Capital City Concrete's fraudulent misrepresentations and/or fraudulent concealment.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

8. An order requiring the Counterclaim Defendant Capital City Concrete to submit to, and to pay for, an equitable accounting to identify all sums improperly obtained from the Counterclaim Plaintiff Cherokee and to disgorge all profits derived directly or indirectly from all such sums improperly obtained from the Counterclaim Plaintiff Cherokee.

9. Award the Counterclaim Plaintiff Cherokee punitive damages in an amount sufficient to punish the Counterclaim Defendant Capital City Concrete for its purposeful and malicious fraud and to deter such outrageous conduct in the community in the future.

10. Award Counterclaim Plaintiff Cherokee its attorneys fees, costs and interest pursuant to R.I.G.L. Section 9-1-45.

11. Award Counterclaim Plaintiff Cherokee its attorneys fees, costs and interest pursuant to R.I.G.L. Section 7-15-4 (c).

12. Treble the Counterclaim Plaintiff Cherokee's damages pursuant to R.I.G.L. Section 7-15-4 (c).

13. Such other and further relief, including injunctive and declaratory relief, as this Court deems just and proper.

A finding awarding to the Counterclaim Plaintiff Cherokee its reasonable attorneys fees incurred in this action.

14. An appropriate award to the Counterclaim Plaintiff Cherokee of its reasonable attorneys fees, its reasonable costs of this action and interest.

15. Such other and further relief as the law and this Honorable Court deems just and proper.

JURY TRIAL DEMAND

Demand is hereby made for trial by jury for all issues so triable.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Respectfully submitted,

DEFENDANTS and
COUNTERCLAIM PLAINTIFFS
CHEROKEE CONSTRUCTION CO., INC.
and LOUIS FRESOLONE

By their Attorney in this Action,

Michael J. Lepizerra (Bar No. 4999)
LEPIZERRA & LAPROCINA
301 Metro Center Boulevard
Suite 102
Warwick, RI 02886
(401) 739-7397
(401) 384-6950 fax

CERTIFICATION

I hereby certify that on this 17th day of March 2006, I caused a copy of the forgoing Answer and Counter Counterclaim to be mailed first class, postage prepaid to counsel of record in this action:

Theodore Orson, Esquire
Stephen M. Brusini, Esquire
ORSON & BRUSINI
55 Dorrance Street, Suite 400
Providence, R.I. 02903

J. Renn Olenn, Esquire
OLENN & PENZA
530 Greenwich Avenue
Warwick, RI 02886

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island